INHABITANTS OF TEMPLETON *vs.* INHABITANTS OF WINCHENDON.

Worcester. Oct. 3. — Nov. 5, 1884. C. ALLEN & COLBURN, JJ., absent.

S., an insane woman, having no property, had been supported for several years by her brother and her sister C., who owned and carried on a small farm as tenants in common, keeping a common purse, and maintaining S. as one of the family. The brother, without the knowledge of his sister C., stated to the overseers of the poor of the town that he was unable and unwilling to support S. longer, and made application for aid in supporting her. Thereupon the overseers arranged with the brother to pay him a certain sum a month on account of her support, she to live and be supported in the family as formerly. This was done without the knowledge of C.; and C. would have supported S. without aid from the town, if she had known that application for aid was to be made. *Held*, in an action by the town furnishing the relief against the town where S. had her settlement, that the presiding judge, who tried the case without a jury, was justified in finding that, at the time the aid was furnished, S. was not "in need of immediate relief," within the meaning of the Pub. Sts. c. 84, § 14.

MORTON, C. J. This action is brought under the Pub. Sts. c. 84, § 14, which provide that "the overseers of the poor, in their respective places, shall provide for the immediate comfort

and relief of all persons residing or found therein, having lawful settlements in other places, when they fall into distress and stand in need of immediate relief," the expense of which may, if due notice is given, be recovered of the town where the persons relieved have their settlement.

The burden of proof was upon the plaintiff to show that the person whom it relieved had, at the time the relief was furnished, fallen into distress and stood in need of immediate relief. *Sturbridge* v. *Holland*, 11 Pick. 459. *Fiske* v. *Lincoln*, 19 Pick. 473. *New Bedford* v. *Hingham*, 117 Mass. 445.

The case at bar was tried, without a jury, by the presiding justice of the Superior Court, who found as a fact that Sylvia Howard, the person relieved by the plaintiff, was not in need of immediate relief at the time she was aided. Whether she was in such need was a question of fact, and we cannot revise the finding upon this question, unless the presiding justice was required, as matter of law, upon the facts and evidence before him, to find that she was in such need.

It appeared at the trial that the said Sylvia was an insane woman, having no property; that, for ten years or more, she had been supported by her brother Lysander and her sister Chloe, who owned and carried on a small farm as tenants in common, keeping a common purse and maintaining Sylvia as one of the family; that the brother, without the knowledge of his sister Chloe, stated to the overseers of the poor of Templeton that he was unable and unwilling to support Sylvia longer, and made application for aid in supporting her, and thereupon the overseers examined into the matter and arranged with Lysander to pay him six dollars a month on account of her support, she to live and be supported in the family as before. This was done without the knowledge of Chloe; and it is found as a fact that Chloe would have supported her insane sister without aid from the town, if she had known that application for aid was to be made. This finding imports that Chloe was willing and able to support her. At the time the aid was furnished, Sylvia was not homeless or in any present distress. She had the same home and support she had had for many years. The fact that she had no property is not conclusive. A person may have property and yet fall into distress, and be in need of immediate

relief, from inability to avail himself of it. On the other hand, a person may have no property, and yet, if he is supported by relatives or friends, would not be in need of immediate relief, within the meaning of the statute.

The purpose of the statute was not to enable one town to make arrangements, at the expense of another, for the future support of a person who may become a pauper; but to provide for the present necessities of any person found to be in distress and requiring immediate relief.

The presiding justice of the Superior Court was justified in finding that the plaintiff had not sustained the burden of proving that Sylvia was a person who had fallen into distress, and who needed immediate relief, within the meaning of the statute.

*Exceptions overruled.*

*W. S. B. Hopkins,* for the plaintiff.
*F. P. Goulding,* for the defendant.