## MARY O'KEEFE *vs.* CITY OF NORTHAMPTON.

Hampshire. Sept. 20. — Oct. 20, 1887. C. ALLEN & HOLMES, JJ.,
absent.

An action against a town for relief furnished a pauper cannot be maintained under
the Pub. Sts. *c.* 84, § 27, except upon evidence of an express and formal notice
to the overseers of the poor of the town, and a distinct request to them that
the pauper be provided for.

An action founded upon an implied contract will not lie against a town for relief
furnished a pauper.

In an action against a town for relief furnished a pauper, there was evidence that
one of the overseers of the poor, in the absence of his associates, agreed to pay
the plaintiff (a married woman then living with her husband, and with whom
the husband's father, a pauper, was then living) to take care of the father as
long as he lived; that the father lived there until his death; and that the town
paid the husband by the month for his support. *Held,* that the evidence was
not sufficient to maintain the action.

KNOWLTON, J. The plaintiff seeks to recover for the support
of a pauper having a settlement in the town of Northampton
before its incorporation as a city. The liability of towns for the
support of paupers is purely statutory, and a plaintiff, to recover
in an action of this kind, must bring his case within the provis-
ions of the statute. Under our legislation there are only two
ways in which a debt can be created in favor of an individual
against a town for relieving a pauper: one by supplying his
wants after "notice and request to the overseers thereof" to
provide for him, and their neglect so to do; the other by fur-
nishing him necessaries under an express contract with its over-
seers of the poor, or its other duly authorized officers or agents.
Pub. Sts. *c.* 84, §§ 2, 27. *Williams* v. *Braintree*, 6 Cush. 399.
*Lamson* v. *Newburyport*, 14 Allen, 30. *Rogers* v. *Newbury*, 105
Mass. 533.

The first count of the plaintiff's declaration sets out a claim
under the Pub. Sts. *c.* 84, § 27, and alleges "that she applied to
the overseers of the poor of the said Northampton, and requested
them to make provision for the maintenance and support of the
said Michael O'Keefe, which they refused and neglected to do."
The notice contemplated by the statute and alleged in the decla-
ration is an express and formal notice, and the request intended

is a distinct request that the town provide for the pauper; and the right to recover for support furnished, after neglect or refusal in such a case, is founded on the failure of the town to do its duty, and the consequent necessity, in the interest of humanity, that aid be rendered by an individual. *Walker* v. *Southbridge*, 4 Cush. 199. No evidence that the plaintiff gave such a notice or made such a request was introduced at the trial.

The second count is in *indebitatus assumpsit*. The statute gives no right to recover under an implied contract in a case of this kind, and the inquiry comes whether there is evidence of performance of an express contract under which the plaintiff is entitled to compensation. The only evidence of any contract tends to show that one of the overseers of the poor, in the absence of his associates, agreed with the plaintiff to pay her " to take the old man and take care of him as long as he lived." The pauper lived, after that, ten years. The town had a poor-house in which to support its paupers. It does not appear that the overseer had authority to bind the town by this peculiar contract; and, if he had, the plaintiff, to recover under it, must show that she took the pauper and took care of him in accordance with its terms. This she has failed to do. The uncontradicted evidence shows that the old man was then living with his son, the plaintiff's husband, and that he continued to live with him for ten years afterward, the town all the time, with the knowledge and consent of the plaintiff, paying said son by the month for said support. Upon a proper interpretation of the evidence it appears that what the plaintiff did in caring for the pauper, she did on account of her husband, and as his wife, and the jury would not have been warranted in finding that she did anything in performance of the contract testified to by her husband. *Plaintiff's exceptions overruled.*

*C. G. Delano*, for the plaintiff.

*A. T. Crossley*, for the defendant.