CITY HOSPITAL OF QUINCY *vs.* INHABITANTS OF MILTON.

Norfolk.    January 9, 1919. — February 27, 1919.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Pauper. Statute,* Construction.    *Words,* "Therein," "Pauper."

In R. L. c. 81, § 31, which provides that "Every city and town shall be liable for any expense necessarily incurred for the relief of a pauper therein by any person who is not liable by law for his support, after notice and request made to one or more of the overseers thereof, and until provision is made by them," the word "therein" refers to the city or town in which the relief necessarily was furnished and does not mean another city or town where at the time the relief was furnished the person relieved had a residence but not a settlement and where he received an injury that made the relief necessary.

CONTRACT under R. L. c. 81, § 31, to recover $415 for hospital treatment and ether, dressings and X-ray furnished by the plaintiff to one Carlo Capelli, alleged to be a pauper in the town of Milton, the defendant.    Writ dated November 11, 1916.

In the Superior Court the case was heard without a jury by *Dana,* J., on an agreed statement of facts, containing the facts that are stated in the opinion.    The plaintiff asked the judge to rule that upon the agreed facts it was entitled to recover as a matter of law.    The judge refused to make this ruling and found for the defendant.    By agreement of the parties he reported the case for determination by this court.    If as matter of law the finding of the judge was right, judgment was to be entered for the defendant on the finding.    If the finding was wrong, judgment was to be entered for the plaintiff in the sum of $415 with interest thereon from May 13, 1915.

R. L. c. 81, § 31, is as follows: "Every city and town shall be liable for any expense necessarily incurred for the relief of a pauper therein by any person who is not liable by law for his support, after notice and request made to one or more of the overseers thereof, and until provision is made by them."

P. R. *Blackmur,* (S. *Gottlieb* with him,) for the plaintiff.
F. A. *Gaskins,* for the defendant.

CROSBY, J.    This is an action of contract to recover for the

board and medical care of a pauper, furnished by the plaintiff. The case is before us on a report of a judge of the Superior Court, who declined to rule that the plaintiff was entitled to recover and found for the defendant.

The record shows that one Capelli, who had no legal settlement in this Commonwealth, was injured in the town of Milton and was taken to the plaintiff hospital in the adjoining city of Quincy; that at the time of the accident and for some time previously he resided in Milton and was employed as a laborer there by a resident of that town. It also appeared that the plaintiff hospital was the nearest hospital, there being none in Milton.

The plaintiff seeks to recover under the provisions of R. L. c. 81, § 31; and the decision of the case depends upon the proper construction of the word "therein." It is the contention of the plaintiff that "therein" refers to the city or town where the person "falls into distress, and stands in need of immediate relief." *Shearer* v. *Shelburne*, 10 Cush. 3, 5. The defendant contends that "therein" refers to the city or town where the assistance is furnished. We think it is plain that the word "therein" refers to the city or town in which relief is furnished. Although Capelli lived in Milton at the time he was injured, and had no settlement there or elsewhere in the Commonwealth, the assistance rendered by the plaintiff was so rendered after he left Milton and had been taken to Quincy. If he had remained in Milton after he was hurt and had there received assistance, the expense necessarily incurred by a person furnishing such assistance (if that person was not liable by law for his support), after notice and request made to one or more of the overseers of the poor could have been recovered from the defendant. In *Smith* v. *Colerain*, 9 Met. 492, it was held that in an action by an individual against a town for reimbursement of the expense of relieving and supporting poor persons, that the plaintiff must prove (among other things) that those persons were residing or found in that town, "because in no other event was the town liable for their support." While the word "therein" did not appear in Rev. Sts. c. 46, § 18, but was added in Gen. Sts. c. 70, § 16, it was said by this court in *Hawes* v. *Hanson*, 9 Allen, 134, at page 136, that "The addition, in the General Statutes, of the word 'therein' was a legislative adoption of the court's construc-

tion of the Revised Statutes." The present statute, R. L. c. 81, § 31, remains substantially the same as Gen. Sts. c. 70, § 16.

In the case at bar the person assisted by the plaintiff was a "pauper" in the sense in which that word is used in the statute by reason of the aid which he received in Quincy, and not because of his condition in Milton before he was removed to Quincy; and the rights of the plaintiff are to be governed accordingly. A pauper under the statute in question was defined by this court in *Shearer* v. *Shelburne,* 10 Cush. 3, at page 5, as follows: "A pauper, therefore, in the language of the law, is one residing or found in any town where he falls into distress, and stands in need of immediate relief." In applying the statute to the present case Capelli as a pauper fell into distress and stood in need of immediate relief in Quincy, and, if the plaintiff is entitled to recover, its remedy is against that city and not against the defendant.

In view of the conclusion reached it is unnecessary to consider the circumstance that the employer of Capelli was insured under the workmen's compensation act, St. 1911, c. 751, as amended, and that the plaintiff was paid by the insurer for the board, care and treatment of the employee for the first two weeks he was at the hospital.

In accordance with the terms of the report the entry must be

*Judgment for the defendant.*