SYMMES ARLINGTON HOSPITAL, INC. *vs.* TOWN OF ARLINGTON.

SAME *vs.* SAME.

SAME *vs.* SAME.

Middlesex.   May 16, 1935. — September 16, 1935.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Needy Person. Practice, Civil,* Ordering verdict, Report, Stipulation. *Words,* "Pauper."

Under G. L. c. 117, §§ 24, 14, a hospital could give needed immediate care to an injured boy, regardless of his residence or where injured or anyone's ability to pay for it, and could recover from the town in which it was located its reasonable charges for that care; but thereafter that town would be liable only for necessary care of the boy for which the hospital could not readily obtain payment from some other source.

After a directed verdict for the plaintiff and a report of the action with a stipulation that if such direction was error, judgment should be entered for the defendant, this court, finding error only in the assessment of damages, vacated the stipulation and ordered a new trial on the question of damages only.

THREE ACTIONS OF CONTRACT. Writs dated November 26, 1930.

The actions were tried together in the Superior Court before *Keating,* J., who ordered verdicts for the plaintiff in the sums, respectively, of $289.40, $409.77, and $487.32, and reported the actions for determination by this court.

*Joseph P. Sullivan,* for the defendant.

*P. A. Hendrick,* (*A. S. Gerstein* with him,) for the plaintiff.

LUMMUS, J.   These are actions of contract by a hospital incorporated by St. 1902, c. 146, and located at Arlington, where it is the only hospital, to recover its admittedly reasonable charges for the care and treatment of three boys who at different times had been injured by accident and had been brought to the hospital, between January 9, 1927, and August 25, 1928, before St. 1928, c. 155, took effect. One was a resident of Arlington, was injured in Arlington, and was brought to the hospital by a police officer of Arlington.   The second was a resident of Lexington, was injured in Lexington, and was brought to the hospital by his parents, residents of Lexington.   The third was a resident of Lexington, was injured in Lexington, and was brought to the hospital by a resident of Arlington.   In each case, on the day of the admission of the patient or the next day, a legal notice and request was sent to the overseers of the poor of Arlington, as required by G. L. c. 117, § 24, but neither the overseers nor the town made any provision for the patient. Each of the patients remained at the hospital for two months or more, under treatment.   Subject to the exceptions of the defendant, the judge directed a verdict for the plaintiff in each case for the full amount of the declaration, and reported the cases to this court.

The material statute is G. L. c. 117, § 24, which provided that "Every town shall be liable for any expense necessarily incurred for the relief of a pauper therein by any person not liable by law for his support," after notice and request and until other provision is made by the public authorities.   There was notice and request, and no other provision was made.   The plaintiff corporation was not a "person . . . liable by law" for the support of the boys in question.   The relief was furnished "therein," that is, within the defendant town.   *City Hospital of Quincy* v. *Milton*, 232 Mass. 273.   A pauper is "one residing or found in any town where he falls into distress, and stands in need of immediate relief." *Shearer* v. *Shelburne*, 10 Cush. 3, 5, quoted in *City Hospital of Quincy* v. *Milton*, 232 Mass. 273, 275.   G. L. c. 117, § 14.   "A person may have property and yet fall into distress, and be in need of immediate relief,

from inability to avail himself of it. On the other hand, a person may have no property, and yet, if he is supported by relatives or friends, would not be in need of immediate relief, within the meaning of the statute." *Templeton* v. *Winchendon*, 138 Mass. 109, 110, 111. The boys could be paupers, to whom the plaintiff had a right to furnish relief at the expense of the defendant town under the statute, if their injuries demanded immediate relief not otherwise available, even though their parents might prove to be financially responsible. *City Hospital of Quincy* v. *Milton*, 232 Mass. 273, 275. See also *Underwood* v. *Scituate*, 7 Met. 214. The plaintiff was entitled to act on appearances of need. *Palmer* v. *Hampden*, 182 Mass. 511, 515. The law does not contemplate that a person seriously injured or desperately ill, shall wait without surgical or medical attention until his wealth shall be appraised, his relatives discovered and their financial ability ascertained, or the place of his settlement determined. The town in which necessary relief is given is made immediately liable, with a right to recover from the "pauper" himself, and the cities, towns and persons responsible. *Smith* v. *Colerain*, 9 Met. 492. *Shearer* v. *Shelburne*, 10 Cush. 3. *Charlestown* v. *Groveland*, 15 Gray, 15, 17.

The question is, whether it could properly have been ruled as matter of law that the expense for relief for the whole period of care and treatment was "necessarily incurred" (G. L. c. 117, § 24), or, in other words, that the boys during the whole period were "in distress and standing in need of immediate relief." G. L. c. 117, § 14. The burden was on the plaintiff to prove the need. *Templeton* v. *Winchendon*, 138 Mass. 109, 110. The parents of the boys never did pay for their care and treatment at the hospital, except for a small amount in one case. It does not appear that they were ever asked to pay. From the nature of their accidents it appears that the boys were "paupers" when brought to the hospital, but in the opinion of a majority of the court there is nothing to show that they remained such for several months. However improbable it might appear to be if we were entitled to guess, for

all that appears the parents stood ready on request to provide for all expenses, so that continued relief at the expense of the plaintiff was not necessary.   Verdicts for the plaintiff for the entire expense of care and treatment for months could not properly have been directed.

The report does not contemplate a new trial of any question of fact as to the necessity of relief, but provides, with the assent of the plaintiff, that if the direction of the verdict for the plaintiff in any of the cases was wrong, "judgment is to be entered for the defendant."   We think that this stipulation does not tend to the doing of justice, and that we ought to exercise our undoubted power to vacate. it (*Shearer* v. *Jewett*, 14 Pick. 232, 236; *Powers* v. *Provident Institution for Savings*, 122 Mass. 443, 445; *Old Colony Railroad* v. *Wilder*, 137 Mass. 536, 539; *Mann* v. *United Motor Boston Co.* 226 Mass. 495, 498, 499; *Paper Trucking Co.* v. *Russo*, 281 Mass. 209), to set aside the assessment of damages, and to order a new trial limited to the question of damages.   *Simmons* v. *Fish*, 210 Mass. 563. *Gasoline Products Co. Inc.* v. *Champlin Refining Co.* 283 U. S. 494.

*So ordered.*