ALPHE MORIN *vs.* HARRIET E. STROMBERG
(and two companion cases[1]).

Essex.    March 5, 1941. — May 27, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Practice, Civil,* Consolidation of actions; Appellate Division: report; New trial. *Sale,* Warranty. *Notice.*

An order consolidating actions by several plaintiffs against one defendant in a District Court "for the purpose of report to the Appellate Division" did not merge the actions into a single action, and the report should have been prepared so as to enable the appellate courts to trace the course of each action separately.

---

[1] The companion cases were brought against the same defendant by Elizabeth Morin and Alice L'Italien.

A notice, seasonably given to the proprietor of a restaurant in behalf of persons made ill by eating clams sold them therein, of "their claim for damages sustained . . . as a result of your negligence in serving . . . clam dinners . . . unfit for human consumption" at a stated time and place, was sufficient notice under G. L. (Ter. Ed.) c. 106, § 38, of a breach of the implied warranty of fitness of the clams for food.

Upon findings by a judge of a District Court showing liability of the defendant, but with an erroneous ruling that a certain notice given by the plaintiff was insufficient and a finding for the defendant accordingly, the Appellate Division, after reversing the ruling, rightly ordered a new trial limited to the question of damages.

THREE ACTIONS OF CONTRACT. Writs in the First District Court of Essex dated August 29, 1938, August 30, 1938, and August 30, 1938, respectively.

Upon report by *Murphy*, J., who found for the defendant, the Appellate Division for the Northern District ordered a new trial in each case on the matter of damages only. At the second hearing there were findings by *Hill*, J., for the plaintiffs in the sums of $135, $113, and $166, respectively. The Appellate Division ordered a report dismissed. The defendant appealed.

The cases were submitted on briefs.

*J. A. Murphy & F. W. McCarthy*, for the defendant.

*E. M. Dangel, S. Gordon, & L. E. Sherry*, for the plaintiffs.

QUA, J. The record in these cases is greatly confused — so much so that it is even difficult to determine which cases out of a number of cases are properly before us. This obscurity is due in large part to the omission of the captions from the various documents printed without inserting necessary references, so that an inspection of each document fails to disclose in what case or cases it was filed or to what case or cases it relates. See now G. L. (Ter. Ed.) c. 231, § 135, as amended by St. 1941, c. 187, § 1. Possibly the form of the record results from a misapprehension of the effect of an order consolidating the cases "for the purpose of report to the Appellate Division." Such an order in reference to separate actions by individual plaintiffs brings the cases together into one report for convenience in carrying questions of law to the higher tribunal, but it does not destroy the identity of the

several actions nor merge them into a single action ending in a joint judgment. *Lumiansky* v. *Tessier*, 213 Mass. 182, 188. *Barrell* v. *Globe Newspaper Co.* 268 Mass. 99. *Jordan Marsh Co.* v. *Barry*, 295 Mass. 210, 213. *O'Toole* v. *Magoon*, 295 Mass. 527, 528. The record should be so prepared as to indicate in some manner in which action the pleadings and other documents were filed, so that the appellate court can trace each action through to its appropriate conclusion.

However, notwithstanding the evident deficiencies in the present record, we have come to the conclusion that with the aid of the writs and docket entries transmitted to us with the record (see G. L. [Ter. Ed.] c. 231, § 135), it is possible to construe the whole record so as to ascertain the cases, the parties and the issues with sufficient certainty to enable us to deal with them.

The actions are for breach of implied warranties of fitness for consumption of food furnished to the plaintiffs Alphe Morin, Elizabeth Morin, and Alice L'Italien at the defendant's restaurant on July 23, 1938. G. L. (Ter. Ed.) c. 106, § 17 (1). *Schuler* v. *Union News Co.* 295 Mass. 350, 353. The evidence warranted findings, and the judge found, that an implied warranty of such fitness arose in favor of each plaintiff; that the fried clams furnished to each as part of the meals were not fit to eat; and that each was made ill thereby.

The principal question in each case is whether there was sufficient notice of breach of warranty. G. L. (Ter. Ed.) c. 106, § 38. On August 1 an attorney representing the plaintiffs wrote the defendant that the attorney had been retained in behalf of the plaintiffs, naming them, "in their claim for damages sustained by them as a result of your negligence in serving food, namely 3 clam dinners . . . which was unfit for human consumption." The day, hour and place when and where the food was eaten were also stated. The letter closed with the suggestion that the defendant communicate with the attorney at the defendant's earliest convenience. The judge found that this notice was given within a reasonable time.

In our opinion the notice was sufficient. It sets forth, so far as practicable, the particular sale relied upon. It would be overtechnical and unreasonable to require the purchaser of a "clam dinner" at a restaurant to specify in his notice that only the clams were defective. Breach of warranty is stated in exact terms in the words "which was unfit for human consumption." The defendant must be taken to have known that she impliedly warranted the food dispensed by her to be fit for human consumption, and notice to her that it was not fit for that purpose was notice of a breach of that warranty. The reference to negligence does not destroy the notice as notice of a breach of warranty. A breach of warranty may be the result of negligence. The letter made it apparent that the plaintiffs claimed that there had been violations of their legal rights which amounted to breaches of warranty, and that they were informing the defendant of that fact. That is what the defendant needed to know for her protection. The notice served the purpose for which the law requires notice. *Nashua River Paper Co.* v. *Lindsay,* 249 Mass. 365, 370. *Idzykowski* v. *Jordan Marsh Co.* 279 Mass. 163, 167. *Jamrog* v. *H. L. Handy Co.* 284 Mass. 195, 198, 199. *Johnson* v. *Kanavos,* 296 Mass. 373, 376, 377. *Guthrie* v. *J. J. Newberry Co.* 297 Mass. 245. We think it immaterial that the plaintiffs could, consistently with the letter, sue for negligence as such and not for breach of warranty. Nor is it material that the letter may have been framed to serve the additional purpose of inaugurating possible negotiations for a settlement.

There was no error in the order of the Appellate Division limiting the new trial to damages only. Every necessary element of liability had been established by the findings of the trial judge. Only his ruling that the notice was insufficient stood in the way of recovery. The Appellate Division rightly reversed that ruling. It is provided by statute that the Appellate Division may order a new trial "in whole or part." G. L. (Ter. Ed.) c. 231, § 108. Such has long been the practice of this court in proper cases, many of which are discussed in *Simmons* v. *Fish,* 210 Mass. 563.

See G. L. (Ter. Ed.) c. 231, § 124. Other instances are found in *Edwards* v. *Willey*, 218 Mass. 363, 367; *Fratta* v. *Rossetti*, 277 Mass. 98, 100; *H. B. Humphrey Co.* v. *Pollack Roller Runner Sled Co. Inc.* 278 Mass. 350, 357; *Agoos Kid Co. Inc.* v. *Blumenthal Import Corp.* 282 Mass. 1, 21, and *Symmes Arlington Hospital, Inc.* v. *Arlington*, 292 Mass. 162, 165. It does not appear from anything in the record that the order made deprived the defendant of any right or was in any manner unjust to her. *Simmons* v. *Fish*, 210 Mass. 563, 569, 570.

In so far as a second appeal by the defendant, filed June 25, 1940, may have brought here any question not hereinbefore discussed, it is enough to say that that appeal has not been argued.

*Orders of Appellate Division affirmed.*