WILSON, J. (Pettingell, P. J., and Gadsby, J.)
This 'is an action of tort in which the plaintiff seeks to recover damages because it is alleged that the defendant through a false financial statement induced the plaintiff to loan him the sum of $300.00.
At the trial, there was evidence' tending to show that on or about October 8, 1940, the defendant, who owed the plaintiff the sum of $216.41, applied to the plaintiff for a renewal of said loan. Prior to the issue of said new loan, the defendant gave a' financial statement to the plaintiff in which he stated that he owed other loan companies $64.00; ' The plaintiff’s office manager testified that he relied on said financial *145 statement and approved a new loan of $300.00, out of which the plaintiff retained $216.41 in payment of the old loan, and gave to the defendant the sum of $83.59 in cash, also returning to the plaintiff his old note. This office manager stated thait he would not have approved the new loan if the true facts had been disclosed. It appears that, as a matter of fact, the financial statement was untrue in that he owed the Workingmen’s Loan Association $240.00 on October 8, 1940, at the time when he gave the aforesaid financial statement to the plaintiff. Another witness for the plaintiff stated thait the defendant had said, while being examined in bankruptcy proceedings, that he felt that he would not have received the new loan if he had disclosed the fact thait he owed the Workingmen’s Loan Association the sum of $240.00. The defendant filed a voluntary petition in bankruptcy on February 15, 1941, and listed the plaintiff as creditor. Prior to the filing of said voluntary petition the defendant had paid to the plaintiff the sum of $35.74 in monthly payments on account of said note of October 8, 1940. The defendant’s office manager testified that the balance due on plaintiff’s note at the time of Ithis suit was $264.26.
The defendant presented six requests for rulings, which are as follows:
“1. Upon all the evidence in the case a finding for the defendant is warranted.
“2. Upon all the evidence, a finding is not warranted thait the plaintiff was unable to obtain payment of the promissory note because of the defendant’s alleged false and fraudulent representations.
“3. Upon all the evidence, a finding is not warranted thait the plaintiff lent to the defendant the sum of $300.00 on October 8, 1940, because the plaintiff relied on the defendant’s false and fraudulent representations.
“4. There is insufficient evidence ¡to warrant a finding that the plaintiff was damaged by relying on the defendant's false and fraudulent representations.
“5. In order to recover in this action, the burden of proof is on the plaintiff to prove not only that the defendant made the alleged false representations but also .that the plaintiff relied upon said false representations and was damaged thereby.
“6. The plaintiff can recover in this action, if it can recover at all, only to the extent that it can prove that it was damaged by the defendant’s financial status of October 8, 1940.”
The trial court denied numbers 1, 2, 3 and 4, and granted numbers 5 and 6.
The court found for the plaintiff and made the following special findings of fact:
“Upon application by the defendant to renew an obligation to the plaintiff and to borrow additional sums of money, *146 the'defendant was required to file with the plaintiff a statement of his financial condition. I find that the statement signed by ■the defendant was false in material facts, that the defendant had knowledge of its falsity, and that the plaintiff was in' duced by said statement to renew the defendant’s old obliga' tian, and loan him additional money. I find further that the plaintiff was dameged to the extent of $264.26.’’
The first request falls within the rule stated in Strong v. Haverhill Electric Co., 299 Mass. 455. The request was proper and if nothing more appeared than a general finding for the plaintiff, it would have been error prejudicial to the defendant’s right of review. But here the trial judge made special findings and it can be said that because of those special findings, the ruling became immaterial. See also Home Savings Bank v. Savransky, 307 Mass. 601, and cases there cited.
The second and third requests called for rulings upon fragments of the facts in evidence and were not required to •be given. Cameron v. Buckley, 299 Mass. 432, and cases there cited. .
The fourth request was also properly denied. Of a similar request, it was stated in Milmore v. Landau, 307 Mass. 589.
“If upon the evidence a finding for the plaintiff was permissible, there was no error in the denial of this request.”
See also cases cited. There was ample evidence that the plaintiff had suffered some damage by reason of the fraud. Some damage was admitted by counsel for the defendant at the itime of argument before us.
The defendant strongly urges that although the court gave the sixth ruling, which was a correct instruction, yet the court did not' apply the principle there stated to the decision reached.
In Piper v. Childs, 290 Mass. 560, 563, it was said regard' ing damages in an action for deceit:
“The amount of damages seldom can be proved with the exactness of mathematical demonstration. Much must be left to estimate and judgment, sometimes upon meager evidence.”
We are of opinion, however, that there is an inconsistency between the sixth instruction, which the' court gave, and the decision reached.
The damages awarded are for the full amount of the reiiewal note, less the amount paid thereon. No consideration is given by the judge to the fact that the plaintiff might not have been able to collect" the original note which was given before the false representation complained of; the fact that the amount by which the defendant increased his indebtedness to the plaintiff at that time was only $83.59; whether the amount of $35.74, paid.by the defendant, was applied gen■erally, on account of the full amount of said note or upon the additional amount paid at the time said new note was given; and, lastly, whether any dividend was received from the defendant’s bankruptcy.
*147 We think the damages awarded by the trial court were not warranted by the evidence.
A court of review has the right and duty, when it is apparent from the record, that adequate justice has not been awarded the parties by the decision of ithe trial court, to order a new trial restricted to damages. See G. L. (Ter. Ed.) c. 231,
р. 108. This is so, whether the damages are inadequate, as in Simonds v. Fist, 210 Mass. 563, or excessive, as in Symmes Arlington Hospital, Inc. v. Arlington, 292 Mass. 162. That right exists, whether the damages are erroneously fixed by a jury, Simonds v. Fish, supra, or by a justice of (the Superior Court, or by a judge of a District Court, Morin v. Stromberg, 309 Mass. 146, 149.
The Appellate Division has the same authority to order a new trial as the Supreme Judicial Court. G. L. (Ter. Ed.) с. 231, pp. 108, 110, 124. Morin v. Stromberg, supra, at page 149.
The case is remanded to the trial court and a new trial ordered upon the amount of damages only.