Nash, J.
This is an action of contract or tort to recover damages for breach of an implied warranty. The count in tort was waived. There was a finding for the plaintiff in the sum of $85.00. The defendant duly presented the following requests for rulings:
“1. (a) .There is not sufficient evidence to warrant a finding that the defendant was negligent as alleged in Count 1 of the plaintiff’s declaration, (b) There is not sufficient evidence to warrant a finding that the defendant was guilty of any breach of warranty as alleged in Count 2 of the plaintiff’s declaration, (c) There is not sufficient evidence to warrant a finding that the plaintiff suffered injuries or damages as a result of any conduct for which the defendant is responsible as a matter of law. (d) There is not sufficient evidence to warrant a finding that the injuries which the plaintiff described were caused by any act for which the de *265 fendant may be held legally responsible, (e) The plaintiff, as he alleged, having purchased the salad, which he claims to have purchased, under the name of ‘Victory Salad’, there was no implied warranty of fitness for the reason that the plaintiff purchased the said salad under its trade name. 2. There is no implied warranty of fitness under the circumstances of this case in which the plaintiff claims to have purchased a salad under its trade name, said salad not having been made or manufactured by the defendant, and being sold under its trade name, and therefore the plaintiff cannot recover. 3. The plaintiff is not entitled to recover for the reason that he failed to give due and sufficient notice of any alleged breach of warranty within a reasonable time after the occurrence of the alleged accident. 4. The notice given by the plaintiff to the defendant was not given within a reasonable time after the alleged breach of warranty occurred. 5. The notice given by the plaintiff to the defendant did not contain sufficient information to constitute a valid notice of any breach of warranty on the part of the defendant. 6. The plaintiff was guilty of contributory negligence and cannot recover. 7. The manner in which the alleged accident occurred is based upon conjecture and the plaintiff has failed to maintain his burden of proof and cannot recover.”
The Court did not deal with Bequest No. 1 (a) in view of the plaintiff’s waiver of the count in tort of the declaration. The remainder were all “denied as not being applicable to facts found.” The defendant claims to be aggrieved because of the denial of his requests.
The Court filed a “Memorandum of Findings and Bulings” which contains a comprehensive statement of the facts. It finds that on June 14, 1943 the plaintiff went to the defendant’s store and purchased some chops and potato salad; that the salad sold the plaintiff was known as “Victory Salad” and was not prepared by the defendant but was purchased by him in large quantities and resold to his customers; that the plaintiff did not ask for “Victory *266 Salad”; that that evening while eating the salad the plaintiff felt-pain in his mouth which started to bleed as a result of broken glass that came from the salad; that he found more glass in the salad; that the gums of his mouth were cut and bled and his lips became sore; that he did not sleep well and was treated later by a physician and X-rays were taken of his right upper gum which showed no foreign body present at that time; that the plaintiff went to the defendant’s store the next day and showed him the pieces of glass; that on June 17,1943 the attorney for the plaintiff sent notice to the defendant addressed 75 Baker Road, Everett, making claim for personal injuries suffered because of the foreign substance in a “Victory Salad” purchased on June 14, 1943 which he had eaten; that the address to which the letter was sent was the address given by the defendant when he filed a business certificate in the Town of Norwood, where he operated his business; that the defendant had moved to Brookline from Everett and did not receive the notice until June 22, 1943; that the defendant had not filed any change of address with his business certificate but had notified the Everett Post Office; that the plaintiff sustained an injury and suffered damages as a result of eating the salad containing the foreign substance; that the plaintiff gave proper notice of the breach of warranty within a reasonable time; that the defendant did not sustain the burden of proof of contributory negligence on the part of the plaintiff.
There was contradictory evidence offered which appears in the report.but it does not appear that the Court has made any findings that were not contained in the evidence or could reasonably be implied therefrom.
The Sales Act, Gr. L. (Ter. Ed.) c 106 S 17 (1), provides:
“Where the buyer, expressly or by implication, makes known to the seller the particular purpose for *267 which the goods are required, and it appears that the buyer relies on the seller’s skill or judgment, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be reasonably fit for such purpose.”
Section 38 provides:
“In the absence of an express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor.”
The fact that the salad was purchased for the purpose of eating it and that the defendant was aware of that when he selected it for the plaintiff and sold it to him creates the warranty of fitness specified in the statutes above set forth. See Holt v. Mann, and cases cited, 294 Mass. 21 @ 23, 24.
The presence of glass in the salad as found by the trial judge is evidence of the breach of that warranty and there was evidence upon which to base the trial judge’s finding that the plaintiff suffered injury.
The remaining pertinent contention of the defendant is that notice was not given within a reasonable time and that it was not sufficient.
The trial judge found that the notice was given within a reasonable time and this is a finding of fact and the fin die g and ruling that it is sufficient is a mixed question of law and fact. Smith v. Denholm & McKay Co., 288 Mass. 234, 241, 242.
The day after the purchase and injury complained of the plaintiff went to the defendant’s store and showed him the glass and two days later his attorneys mailed a letter to the *268 defendant which said in part the plaintiff “makes claim against you for personal injuries he was caused to suffer by reason of alleged foreign substance in a ‘Victory Salad’ purchased from you on Monday, June 14, 1943, resulting from his eating the same. ’ ’
In our opinion the notice was sufficient. It states clearly the date and nature of the particular sale relied upon and it was not necessary to expressly claim damages for an alleged breach of warranty. Nashua River Paper Co. v. Lindsay, 249 Mass. 365, 369. Idzykowski v. Jordan Marsh Co., 279 Mass. 163, 167. Jamrog v. H. L. Handy Co., 284 Mass. 195, 198, 199. Johnson v. Kanavos, 296 Mass. 373, 376, 377. Guthrie v. J. J. Newberry Co., 297 Mass. 245. Morin v. Stromberg, 309 Mass. 146, 148, 149.
It could have been found that the fact that the letter did not reach the defendant before June 22nd was due to the defendant’s neglect and even if notice was not given before that date the trial judge could have found as he did that even that was a reasonable notice.
The 6th and 7th requests were passed upon by the trial judge who found as a fact upon evidence upon which he was warranted to have so found that the plaintiff has sustained the burden of proof and was not guilty of contributory negligence.
We find that there was no error committed by the trial judge in his disposition of the defendant’s requests for rulings of law and the report is hereby ordered dismissed.