CITY OF WORCESTER *vs.* TOWN OF CHARLTON.

Worcester. September 23, 1957. — December 18, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & CUTTER, JJ.

*Needy Person. Public Welfare.*

In an action against a town under G. L. (Ter. Ed.) c. 117, § 14, as amended, by a city which had furnished hospital care in its municipal hospital to one settled in the town, the city in its recovery was not subject to the limitation of amount referred to in § 24, but might recover its fair and reasonable charges in a greater amount.

CONTRACT. Writ in the Superior Court dated May 11, 1956.

The action was heard by *Macaulay*, J.

*John J. O'Shaughnessy*, Town Counsel, for the defendant.

*Stanton H. Whitman*, Assistant City Solicitor, (*Harry J. Meleski*, City Solicitor, with him,) for the plaintiff.

RONAN, J. In this action of contract the single question of law presented by the record is whether the liability of the defendant for hospital care furnished to a minor having a settlement in the defendant town was limited to the rate established by G. L. (Ter. Ed.) c. 7, § 30K, inserted by St. 1953, c. 636, § 2. In the Superior Court the case was submitted upon a statement of agreed facts to a judge who found for the plaintiff in the sum of $4,794.20 together with interest in the sum of $164.12.

The patient, a girl sixteen years of age and residing with her parents in the defendant town and having a settlement therein, was severely burned on April 13, 1955, when during a spell of illness she fell into a fire. The defendant had no hospital and the minor on the same day was taken to the Worcester City Hospital, a municipal institution established by St. 1871, c. 339, and conducted and maintained by the plaintiff. She was confined to the hospital one hundred twelve days upon her first visit and sixty-nine days on her second visit. The plaintiff's declaration sets forth in various items the charges in two counts in the form of accounts annexed. Seasonable notice was sent by the public welfare agency of the plaintiff to the corresponding board of the defendant on each occasion of the minor's admission to the hospital. That all the services performed and the materials furnished as set forth in the declaration were necessary is not disputed. Neither is it questioned that the amounts charged were higher than those customarily charged to individual patients having ward accommodations. The charges were fair and reasonable. The city charged $13 a day for board and room during the minor's stay at the hospital. In addition it charged $1,248 expended for special nurses and $1,193.20 for materials and other supplies furnished in treating the minor, so that the total daily charge amounted to $26.48.

The defendant contends that it is not liable for any charges in excess of those prescribed by G. L. (Ter. Ed.) c. 117, § 24, as amended by St. 1943, c. 481, and as set forth in the footnote.[1] The defendant further contends that § 24, as amended, has been affected by changes wrought in it by the changes since made in G. L. (Ter. Ed.) c. 122, § 18, to which the amendment of § 24 referred, and that said § 18 has been superseded by G. L. (Ter. Ed.) c. 7, § 30K, inserted by St. 1953, c. 636, § 2, fixing the all inclusive daily rates at which cities and towns are to be reimbursed by the Commonwealth for hospital care furnished certain indigent persons.

The liability of cities and towns for the support and care of indigent persons is purely statutory and a plaintiff to recover must bring his case within a statutory provision, *Lamson* v. *Newburyport*, 14 Allen, 30, *O'Keefe* v. *Northampton*, 145 Mass. 115; and our statutory system dates far back to the beginning of the Commonwealth. *Chaffee* v. *Oxford*, 308 Mass. 520. *Cohasset* v. *Scituate*, 309 Mass. 402. The difficulty with the defendant's contentions is that the present action is based upon G. L. (Ter. Ed.) c. 117, § 14, as amended,[2] which provides a remedy for a town which has furnished support against the town in which the person supported had a settlement, while by § 24 the action for relief furnished by a private institution or individual must

[1] "Every town shall be liable for any expense necessarily incurred under this chapter or under chapter one hundred and twenty-two for the relief of a person in need of public assistance therein by any person not liable by law for his support, after notice and request made in writing to one or more of the members of the board of public welfare thereof, and until provision is made by them. In case such relief is furnished to a person in a hospital, the town shall be liable for his support therein in a sum not exceeding the maximum amount then allowable to a town under section eighteen of chapter one hundred and twenty-two as reimbursement from the commonwealth for like support in a hospital."

[2] "Boards of public welfare in their respective towns shall provide for the immediate comfort and relief of all persons residing or found therein, having lawful settlements in other towns, in distress and standing in need of immediate relief, until removed to the towns of their lawful settlements. . . . The expense of such relief and of their removal . . . may be recovered in contract against the town liable therefor, if commenced within four years after the cause of action arises; but nothing shall be recovered for relief furnished more than three months prior to notice thereof given to the defendant."

be brought against the town in which relief was accorded. Recovery under this latter section depended not upon place of settlement but upon the place where relief was afforded.

It was held in *City Hospital of Quincy* v. *Milton*, 232 Mass. 273, which was an action of contract by a private institution based upon R. L. c. 81, § 31, the predecessor of G. L. (Ter. Ed.) c. 117, § 24, to recover for hospital care and treatment of one residing but having no settlement in the defendant, that the word "therein" in the statute referred to the town where the assistance was rendered, and that if the plaintiff was entitled to recover it was against the city of Quincy where the hospital was located and not against the defendant. In *Symmes Arlington Hospital, Inc.* v. *Arlington*, 292 Mass. 162, another private institution was allowed to recover under G. L. (Ter. Ed.) c. 117, § 24, for care and services furnished three minors, one of whom resided in Arlington and the other two in Lexington. In that case recovery was permitted against the town in which the hospital was located and the services performed. The scope of § 24 is to make a town in which the necessary relief is furnished by an individual who is "not liable by law" immediately liable under that section to such person, but with a right in that town to recover from the indigent person himself under § 5 or the town ultimately liable under § 14. *Symmes Arlington Hospital, Inc.* v. *Arlington*, 292 Mass. 162, 164.

Section 14 is confined to one class of actions where one town is seeking recovery against another. It was not by any amendment made subject to any limitation of rates if hospital care was involved as was done in the case of § 24, as amended. The limitations in § 24 do not show that its scope was intended to embrace claims included in § 14. Further, the words "such relief" in the amendment to § 24 show that it was intended to refer to the preceding sentence. *Selectmen of Topsfield* v. *State Racing Commission*, 324 Mass. 309, 312. Finally c. 117, §§ 1, 5, 14, and 24 were intended to establish separate and different causes of action in a single statutory system governing aid to indigent persons.

The finding of the judge of the Superior Court for the plaintiff is treated as an order for judgment, and as such is affirmed.

*So ordered.*