*Municipal Court 'of the City of Boston*

## No. 37685

## MASSACHUSETTS GENERAL HOSPITAL
### v.
## CITY OF CHELSEA

(June 23 — November 2, 1961)

*Present:* Gillen, J. (Presiding), Roberts and Canavan, JJ.

Case tried to *Adlow, C. J.*

*Canavan, J.* This is an action of contract under G. L. c. 117, §§24 and 24A for hospitalization furnished one Christina Doucette.

*At the trial there was evidence tending to show the following:* The plaintiff furnished hospitalization from July 29, 1960 to August 13, 1960 to one Christina Doucette, a resident of the city of Chelsea; that Christina Doucette at the time of her admission to the hospital was in need of immediate hospitalization; that when she was admitted to the plaintiff hospital inquiry was made as to her

financial circumstances, and the hospital was advised that she had no property of any nature, real or personal, and in particular no savings or bank account and that the hospital should make charges on account of her hospitalization to the City of Chelsea. On the 16th day of August, 1960, the plaintiff received a letter from the defendant in reply to its notice for reimbursement, advising that the City of Chelsea would not be responsible for the bill of Christina Doucette for the reason that she had on the 26th day of July 1960 withdrawn from a savings account the sum of $1,662.44; and that the withdrawal of said money was not disputed and the hospital bill amounting to $461.85 was not paid.

At the close of the trial and before final arguments the plaintiff made the following requests for rulings:

"1. As a matter of law the City of Chelsea is liable to the Massachusetts General Hospital under Chapter 117, Section 24A of the General Laws of the Commonwealth of Massachusetts.

Chapter 117, Section 24A

'24A. Hospital care of needy persons; limitation; 'resides' defined.

If hospital care is furnished to a person in need of public assistance by any person not liable by law for his support, the town wherein he resides at the time his hospitalization begins, or, if at such time he does not reside in the Commonwealth, the town where such care is furnished, shall be liable for the expense of such care necessarily incurred under this chapter after notice and re-

quest made in writing to one or more members of the board of public welfare thereof, and until provision is made by them; but no town shall be liable under this section in a sum exceeding the maximum amount which would be allowable to a town under section twenty of chapter one hundred and twenty two as reimbursed from the Commonwealth for the hospital care. The word 'resides', as used in this section shall be construed to mean 'occupies an established place of abode with no present intention of definite and early removal, but not necessarily with the intention of remaining permanently'. Added St. 1959, c. 584'. *Denied by the court.*

2. A person standing in need of immediate relief is a pauper within the meaning of Chapter 117, Section 24 and 24A of the General Laws. *Worcester v. Charlton,* 336 Mass. 525; *Symmes Arlington Hospital v. Arlington,* 292 Mass. 162; *Templeton v. Winchendon,* 138 Mass. 109. *Granted by the court.*

2a. As a matter of law the plaintiff is not required to extend credit to any person. *Granted by the court.*

2b. As a matter of law a credit agreement permitting a debtor to extend payment over a period of time is entirely a matter of agreement between the parties. *Granted by the court.*

3. A person is a pauper under Chapter 117, Section 24 and 24A though he may have funds in a bank or be due a debt, for it is the inability of the person to avail himself of his assets at a time when he stands in the need of immediate relief, in this case it is payment for hospitalization

that constitutes him a pauper within the meaning of this law. *Palmer v. Hampden*, 182 Mass. 511; *Smith v. Colerain*, 50 Mass. 492. *Granted by the court.*

3a. Any person is held to be a pauper who is in want of immediate relief by reason of sickness, insanity, or immediate need of food, clothes and shelter, upon the principle of simple humanity; and overseers of every city, district, and town are bound by law to furnish him with support without stopping to inquire whether the person has relatives liable for his support, or a settlement in any other town, and although other means of relief may exist, if at the time they are beyond reach and unavailable. *Charlestown v. Groveland*, 15 Gray 15, 17; M.L.Q., Vol. XLIV July 1959, No. 2 p. 52 ff. *Granted by the court.*

4. A pauper within the meaning of the statute is one residing or found in any town where he falls into distress and stands in need of immediate relief. *Symmes Arlington Hospital v. Arlington*, 292 Mass. 162; *Shearer v. Shelbourne*, 10 Cush. 3. *Granted by the court.*

5. As a matter of law, the Massachusetts General Hospital is not liable by law or contract for the support of Christina Doucette. *Granted by the court.*

6. "The first great object of the law, founded on the principle of simple humanity, is, that the party standing in need shall have relief immediately, and at the place where it is required; that is, from the overseers of the town where he is residing, or is found, without regard to their ultimate liability. The person in distress shall not

be compelled to wait till notice can be given to a distant town and whilst, perhaps a controversy is subsisting as to its liability. And to ensure such relief, if the overseers neglect or refuse, on notice, to afford it, any person not himself liable for such relief, may afford it, at the expense of the town." *Smith v. Colerain,* 50 Mass. 492. *Granted by the court.*

7. As a matter of law while the previous statute (Chapter 117, Section 24) required notice to the board of public welfare of the town wherein the aid was furnished; the most recent amendment by Chapter 584 of the acts of 1959 to Chapter 117, Section 24 enacting Section 24A requires the notice to be given the board of public welfare of the town wherein the pauper resided at the time hospitalization was given. *Granted by the court.*

8. Chapter 117, Sections 5, 6, and 7 of the General Laws provide any town (or city) with ample protection for reimbursement from the pauper or kindred if said pauper has assets though he be unable to apply them to his need at the time of need. *Granted by the court.*

9. As a matter of law the hospital is not bound to treat the patient but in doing so it is doing that which the City of Chelsea should provide the patient under Chapter 117, Section 1 or Section 14 and for which purpose the hospital has the right of reimbursement under Chapter 117, Section 24 and 24A from the defendant City of Chelsea. Chapt. 117, Section 24 and 24A of the General Laws. *Granted by the court.*"

The court made the following finding:

"I find that the person to whom services were rendered was not a needy person within the meaning of the Act. I find that the person concerned withdrew $1,600.00 from the County Savings Bank two days before she entered the hospital."

There was a finding for the defendant. The plaintiff claims to be aggrieved by the findings of the court that Christina Doucette was not a person in need within the meaning of the Act in view of the granting of its request for rulings, numbers 2 through 9.

The first question to be determined is whether Christina Doucette was a person in need of public assistance within the meaning of §24A of Chapter 117 of the General Laws of the Commonwealth of Massachusetts [quoted above in plaintiff's request No. 1].

The plaintiff, in order to recover in this action against the City of Chelsea, has the burden of establishing the fact that Christina Doucette was a person in need of public assistance at the time the hospital care was furnished. *Symmes Arlington Hospital, Inc. v. Arlington,* 292 Mass. 162.

The purpose of the statute is to provide for hospital care of any person found to be in distress and requiring immediate relief.

In the case of *Templeton v. Winchendon,* 138 Mass. 109 the court said: "A person may have property and yet fall into distress, and be in need of immediate relief,

from inability to avail himself of it. On the other hand, a person may have no property, and yet, if he is supported by relatives or friends, would not be in need of immediate relief, within the meaning of the statute."

The drawing of appropriate and warrantable inferences are within the function of the trial judge.

The inferences to be drawn in a given matter depend on facts, circumstances, and teachings of experience.

We are of the opinion that from all the facts shown in the record, an impartial and reasonable tribunal might have drawn the inference that Christina Doucette having withdrawn $1662.44 from her bank account a few days before she entered the hospital, still had some or all of this money available to her at the time she was admitted to the hospital on July 29, 1960 and therefore the plaintiff has failed to sustain the burden of proving that said money was not immediately available to Christina Doucette at the time she was admitted to the plaintiff hospital, and was a person in need of public assistance within the meaning of G. L. c. 117, §24A.

The second question raised by the plaintiff is whether the court can allow the plaintiff's requests for rulings Nos. 2 through 9, when those requests for rulings of law and the law therein compels the court to find for the plaintiff.

In the case of *DiLorenzo v. Atlantic Nat. Bank*, 278 Mass. 321, where the plaintiffs'

second request for rulings was allowed by the judge and as matter of strict and technical construction, the granting of this request as an entirety was inconsistent with the general finding for the defendant, the court said, "If, after the general finding for the defendant was made, they (plaintiffs) thought there was an incompatability to be corrected, their proper course was to file a motion for its correction."

Even assuming, without deciding, that the plaintiff's second contention is correct, his redress would be to file a motion for its correction and not by a report to the Appellate Division.

*Report dismissed.*

Tierney and Tierney of Boston, for the Plaintiff.
Eli H. Gartz of Boston, for the Defendant.