Rescripts.

City of Worcester *vs.* Town of Milford. January 29, 1965. The plaintiff seeks recovery from the defendant under G. L. c. 117, § 14, as amended through St. 1939, c. 39, § 1, for hospital care furnished to persons whose settlement was in Milford. The case was tried in the Superior Court on a statement of agreed facts. The amount recoverable by the plaintiff in this action is not subject to the limitation contained in G. L. c. 117, § 24A. The case is controlled by *Worcester* v. *Charlton,* 336 Mass. 525. The removal of the limitation from G. L. c. 117, § 24, and the insertion of it in § 24A, as accomplished by St. 1959, c. 584, in no way derogates from the holding in *Worcester* v. *Charlton, supra.* The finding, construed as an order for judgment for the defendant, is reversed. Judgment for the plaintiff is to be entered in the Superior Court for $680.44 on count 1, $89.92 on count 2, and $60.17 on count 3.

*Stanton H. Whitman,* Assistant City Solicitor (*Harry J. Meleski,* City Solicitor, with him), for the plaintiff.

No argument or brief for the defendant.

Holyoke National Bank, trustee, *vs.* Ada Lynch Kane & others. January 29, 1965. Decree affirmed. A testatrix (after money bequests to her two grandchildren) left the residue of her estate in trust to pay the income to her son, Harold, for life, with power to expend principal for him and to pay his funeral expenses, "and in the event of his death, if there is a balance . . . in . . . [the] trust, to pay over . . . the balance . . . to my sister, Catherine." The testatrix died in 1941. Harold was her sole heir. Catherine died in 1955. A child and more remote issue were her heirs. Harold died in 1961, leaving two children. The probate judge correctly ordered the balance of the fund to be distributed to the administratrix of Catherine's estate. Catherine's remainder beneficial interest became indefeasibly vested at the testatrix's death. See *Old Colony Trust Co.* v. *Tufts,* 341 Mass. 280, 280–285; *De Ford* v. *Coleman, ante,* 299, 301–305, Restatement: Property, §§ 155–157, 255, 256, 260. Cf. *Boston Safe Deposit & Trust Co.* v. *Northey,* 332 Mass. 110 (see 335 Mass. 201, 206–207). To hold Catherine's remainder interest contingent would result in an intestacy, which does not seem to have been intended. See *Balcom* v. *Balcom,* 333 Mass. 599, 601. No testamentary language overcomes the rule of construction favoring early vesting. In the absence of any ambiguity in the will, the probate judge reasonably excluded certain oral evidence. See *Mahoney* v. *Grainger,* 283 Mass. 189, 191–192; *Whitbeck* v. *Aldrich,* 341 Mass. 326, 329; Page, Wills (1961 ed.) § 32.11. The facts outlined in the offer of proof would not have led to a different result.

*Philip O'Brien, Jr.,* for the respondents Ada Lynch Kane & another.

*Gordon H. Wentworth* for the respondents Anna Williams Bianco & others.