Hurley, J.
In this civil action, the plaintiff seeks compensation for injuries he sustained on the defendants’ premises. The trial judge found that the plaintiff was injured when he “fell down the cellar stairs at said premises as a result of his foot slipping on a cloth which was located on one of the stairs.” The trial judge determined that the defendants were negligent in allowing the cloth to be on the stairs and that the plaintiff was contributorily negligent because he did not see and avoid the cloth. The judge determined that the plaintiff was forty percent (40%) negligent and awarded the plaintiff $6962.40. The defendants claimed a report from the trial judge’s denial of their thirteen requests for rulings.
All of the defendants’ requests for rulings question the sufficiency of the evidence of the defendants’ negligence. The judge was warranted in finding that the defendants were the owners, and in control of, the premises at the time the plaintiff fell. The defendant Walter Geraghty testified that only he and his wife had been in their home prior to the plaintiff entering the house. Mr. Geraghty also testified that he was at the bottom of the stairs when the plaintiff fell and that he had been in the cellar for some time prior to the plaintiffs arrival. Photographs were admitted into evidence. They showed the condition of the stair treads and the presence of paint cans, bottles and other *123 materials on either side of the stairs.
The fall occurred on July 2,1983 when the defendant invited the plaintiff to come into the cellar using the bulkhead cellar stairs. In a letter dated January 12,1984, the defendant Walter Geraghty stated that “all I can truthfully say is that there were a couple of cloths at the bottom of the stairs near the floor that Peter could have stepped on. It is right near the laundry room where I have the washer and dryer.” The plaintiff testified he observed some type of white material a split second before he stepped on it.
In addition to showing that the defendants had control of the premises at the relevant time, the plaintiff must present evidence from which the finder of fact might reasonably infer that the defendants “either had created the defective condition, [were] informed of the hazard or should have known about it, and had a reasonable time to remove the hazard or warn users” of it. Sahagan v. Commonwealth, 25 Mass. App. Ct. 953 (1988), citing Oliveri v. Massachusetts Bay Transportation Authority, 363 Mass. 165, 169-170(1973). There was evidence sufficient for the judge to infer that the defendants were responsible for creating the defective condition, i.e. the cloth on the stairs, and that the condition had existed for a time sufficient to impose a duty oh the defendants to correct or to warn the plaintiff on it. “Inferences to be drawn in a given matter depend on facts, circumstances, and teaching of experience.” Massachusetts General Hospital v. City of Chelsea, 23 Mass. App. Dec. 58, 65 (1961). The judge was not plainly wrong in drawing the inferences.
Report dismissed.