MARY T. MAHONEY & others *vs.* ANDREW GRAINGER & another, executors.

Suffolk.    May 10, 1933. — May 25, 1933.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Devise and Legacy*, Identity of beneficiary, "Heirs at law," Extrinsic evidence affecting construction. *Evidence*, Extrinsic affecting writing. *Words*, "Heirs at law."

Under the will, duly admitted to probate, of a single woman, the residue was given to "my heirs at law living at the time of my decease . . . to be divided among them equally." At the time of the woman's death, her living relatives were an aunt, who was her sole heir at law, and several first cousins. At the hearing of a petition by the cousins seeking distribution to them of the residue, it was found that the testatrix, in response to a question by the draftsman of the will as to the disposition of the residue, had replied that she had a number of first cousins, "let them share it equally"; and that the will then was drafted and read to and executed by her. The petition was dismissed. *Held*, that

(1) There was no ambiguity in the words in the will, "my heirs at law living at the time of my decease"; and there was no occasion for a consideration of the statements of the testatrix to clarify her testamentary intention;

(2) The will must be given effect as executed by the testatrix, even if its terms were not in conformity to the instructions which the testatrix gave to the draftsman;

(3) The aunt of the testatrix being her sole heir at law, she was the only person entitled to the residue, notwithstanding the use of the words, "heirs at law . . . to be divided among them equally," in the residuary clause;

(4) The petition properly was dismissed.

PETITION, filed in the Probate Court for the county of Suffolk on August 11, 1932, seeking distribution of certain property under the residuary clause of the will of Helen A. Sullivan, late of Boston.

The petition was heard by *Dolan*, J., a stenographer having been appointed under statutory provisions. Material facts found and rulings made by the judge are described in the opinion. By his order, a decree dismissing the petition

was entered. The petitioner and other cousins of the testatrix appealed.

*J. W. Mahoney,* (*C. H. Cronin & A. L. Hyland* with him,) for Mary T. Mahoney and others.

*J. W. Burke,* (*W. E. Collins & J. K. Collins* with him,) for Frances Hawkes Greene, were not called upon.

RUGG, C.J. This is an appeal from a decree of a probate court denying a petition for distribution of a legacy under the will of Helen A. Sullivan among her first cousins who are contended to be her heirs at law. The residuary clause was as follows: "All the rest and residue of my estate, both real and personal property, I give, demise and bequeath to my heirs at law living at the time of my decease, absolutely; to be divided among them equally, share and share alike; provided, however, that the real property which I own at my decease shall not be sold or disposed of until five (5) years after my decease, unless there is not sufficient personal property at the time of my decease to pay my specific legatees; in which case said real property may be sold. The income from said real property during said five (5) years is to be distributed among my heirs at law, as I have directed."

The trial judge made a report of the material facts in substance as follows: The sole heir at law of the testatrix at the time of her death was her maternal aunt, Frances Hawkes Greene, who is still living and who was named in the petition for probate of her will. The will was duly proved and allowed on October 8, 1931, and letters testamentary issued accordingly. The testatrix was a single woman about sixty-four years of age, and had been a school teacher. She always maintained her own home but her relations with her aunt who was her sole heir and with several first cousins were cordial and friendly. In her will she gave general legacies in considerable sums to two of her first cousins. About ten days before her death the testatrix sent for an attorney who found her sick but intelligent about the subjects of their conversation. She told the attorney she wanted to make a will. She gave him instructions as to general pecuniary legacies. In response to the

questions "whom do you want to leave the rest of your property to? Who are your nearest relations?" she replied, "I've got about twenty-five first cousins . . . let them share it equally." The attorney then drafted the will and read it to the testatrix and it was executed by her.

The trial judge ruled that statements of the testatrix "were admissible only in so far as they tended to give evidence of the material circumstances surrounding the testatrix at the time of the execution of the will; that the words heirs at law were words in common use, susceptible of application to one or many; that when applied to the special circumstances of this case that the testatrix had but one heir, notwithstanding the added words 'to be divided among them equally, share and share alike,' there was no latent ambiguity or equivocation in the will itself which would permit the introduction of the statements of the testatrix to prove her testamentary intention." Certain first cousins have appealed from the decree dismissing the petition for distribution to them.

There is no doubt as to the meaning of the words "heirs at law living at the time of my decease" as used in the will. Confessedly they refer alone to the aunt of the testatrix and do not include her cousins. *Gilman* v. *Congregational Home Missionary Society*, 276 Mass. 580. *Calder* v. *Bryant*, 282 Mass. 231.

A will duly executed and allowed by the court must under the statute of wills be accepted as the final expression of the intent of the person executing it. The fact that it was not in conformity to the instructions given to the draftsman who prepared it or that he made a mistake does not authorize a court to reform or alter it or remould it by amendments. The will must be construed as it came from the hands of the testatrix. *Polsey* v. *Newton*, 199 Mass. 450. Mistakes in the drafting of the will may be of significance in some circumstances in a trial as to the due execution and allowance of the alleged testamentary instrument. *Richardson* v. *Richards*, 226 Mass. 240. Proof that the legatee actually designated was not the particular person intended by the one executing the will cannot be received to aid in the in-

terpretation of a will. *Tucker* v. *Seaman's Aid Society,* 7 Met. 188, 210. See *National Society for the Prevention of Cruelty to Children* v. *Scottish National Society for the Prevention of Cruelty to Children,* [1915] A. C. 207. When the instrument has been proved and allowed as a will, oral. testimony as to the meaning and purpose of a testator in using language must be rigidly excluded. *Sibley* v. *Maxwell,* 203 Mass. 94, 104. *Saucier* v. *Saucier,* 256 Mass. 107, 110. *Calder* v. *Bryant,* 282 Mass. 231, 239. It is only where testamentary language is not clear in its application to facts that evidence may be introduced as to the circumstances under which the testator used that language in order to throw light upon its meaning. Where no doubt exists as to the property bequeathed or the identity of the beneficiary there is no room for extrinsic evidence; the will must stand as written. *Barker* v. *Comins,* 110 Mass. 477, 488. *Best* v. *Berry,* 189 Mass. 510, 512.

In the case at bar there is no doubt as to the heirs at law of the testatrix. The aunt alone falls within that description. The cousins are excluded. The circumstance that the plural word "heirs" was used does not prevent one individual from taking the entire gift. *Calder* v. *Bryant,* 282 Mass. 231, at pages 237, 238.

*Decree affirmed.*