BARBARA F. FRÜH *vs.* ALBERT FRÜH & others, executors, & others.

Suffolk. January 4, 1944. — June 27, 1944.

Present: FIELD, C.J., QUA, DOLAN, & RONAN, JJ.

*Devise and Legacy,* Residue.

Construing a will without assistance of material oral evidence or of any finding of facts, the second paragraph, giving all the testator's property to his wife in fee, followed by a third paragraph stating that nothing was given to three named sons or a named granddaughter because the testator had "the utmost confidence" that the sons would be able to support themselves and that, if it became necessary, the wife would safeguard their welfare and that of the granddaughter, was interpreted as the dominating provision of the will, notwithstanding a fourth paragraph purporting to give the "residue" of the estate to the three sons and the granddaughter with a provision for a trust of the granddaughter's share were she still a minor; and; the wife having survived the testator, the granddaughter took nothing under the will.

PETITION, filed in the Probate Court for the county of Suffolk on February 10, 1943, seeking an interpretation of the will of Frederick Früh, late of Boston, "to the extent of defining the interest" of the petitioner thereunder, and the establishment of "the right of the petitioner to that interest."

The case was heard by *Dillon,* J., who entered a decree that the petitioner "has no interest in the estate of Frederick Früh under the terms of his will." The petitioner appealed.

*J. M. Graham,* for the petitioner.

*W. P. Lombard,* for the respondents.

QUA, J. This is a suit under G. L. (Ter. Ed.) c. 215, § 6B, inserted by St. 1935, c. 247, § 1, seeking interpretation of the will of Frederick Früh, late of Boston.

The will is dated December 7, 1939. The testator died September 1, 1942, leaving surviving him his wife named in the will, his three sons therein named, and his granddaughter Barbara F. Früh, who was the daughter of a deceased son. The disposing part of the will consists of five paragraphs.

The first paragraph relates to the payment of debts and funeral expenses. The second and third paragraphs and the fourth paragraph, in so far as it need be quoted, are as follows:

"2nd.  I give, devise and bequeath to my wife, Amelia Bertha Früh, all my property, whether real, personal or mixed, including any property to which I may be entitled at the time of my decease, for her own use forever.

"3rd.  I intentionally make no bequest or devise to any of my respective sons, Albert Früh, Ferdinand Xaver Früh and Joseph Heinrich Früh or to my granddaughter Barbara F. Früh as I have the utmost confidence that each of my said sons will be able to support themselves, and the confidence which I have in my wife that in the event of it being necessary she will safeguard the welfare of each of my said sons or of my said granddaughter.

"4th.  All the rest and residue of my estate of whatever name and nature, whether real, personal or mixed, wherever situated, of which I die possessed or entitled to, I give, devise and bequeath equally, share and share alike to my three sons and granddaughter, or to such of them as survive me, namely Albert Früh, Ferdinand Xaver Früh, Joseph Heinrich Früh and Barbara F. Früh.  The issue of either of my said sons who may predecease me to take the parent's share by right of representation.  . . . [Then follow provisions for holding in trust the share of Barbara F. Früh, if she should be a minor at the testator's death.]"

The fifth and remaining paragraph appoints the testator's sons executors without sureties.

There is an appearance of inconsistency between the earlier part of the will comprised in the second and third paragraphs, which purport to give the entire estate in fee to the wife and expressly to exclude the sons and granddaughter from any share, and the later part contained in the fourth paragraph, which makes fairly elaborate provisions for the distribution among the very persons who are excluded by the third paragraph of such residue as may remain after all the estate has already been disposed of to the widow by the second paragraph.  Nevertheless, we must do our best

to ascertain the testator's intention. Such oral evidence as was introduced is of comparatively little assistance and need not be stated. No findings of fact by the judge are contained in the record. Essentially, the problem must be solved from the words of the will.

The testator starts out by giving everything he had to his widow in clear, precise and apt terms and by stating good reasons why he gave nothing to his children and his grandchild. It is highly improbable that he made any mistake about this, or that before the instrument was completed he changed his mind. No reason appearing, it is not easy to believe that a man intends to disinherit his wife. See *Burgin* v. *Patch*, 312 Mass. 219, 223. This commonly remains true even if husband and wife held some property jointly, of which there was evidence in this case. After all, the fourth paragraph attempts to dispose only of a residue, and if the part of the will that has gone before leaves no residue, is there strictly any repugnancy? And is it certain that there could in fact be no residue upon which the fourth paragraph could operate, even if the second and third paragraphs are treated as potentially effective parts of the will? Both husband and wife were elderly persons. Suppose the wife had died before the husband. Would not the gift to her in the second paragraph have lapsed? *Esty* v. *Clark*, 101 Mass. 36. *Curley* v. *Lynch*, 206 Mass. 289, 292. *State Street Trust Co.* v. *White*, 305 Mass. 547, 551. See G. L. (Ter. Ed.) c. 191, § 22. And in that event would not the residue provisions of the fourth paragraph have become effective? *Thayer* v. *Wellington*, 9 Allen, 283, 295. *Casey* v. *Genter*, 276 Mass. 165, 170. There would then be no genuine repugnancy. The third paragraph could be explained as intended to be bracketed with the second and to apply in case the wife survived and took under the second paragraph. The result would not be the same as if there had been no residue clause, since in the latter event there would have been no trust for the granddaughter. Whether there would have been other differences the record does not enable us to say.

We do not know just what induced the testator to draw his will as he did. But we have said enough to show that

there may have been reasons which seemed sufficient to him or to his adviser, and that the gift to the widow in the second paragraph ought to stand as the dominant provision, notwithstanding the seemingly incongruous provisions of the fourth paragraph.

The appellant relies upon the so called rule that of two repugnant provisions the one appearing later in the will is to be deemed to express the final purpose of the testator. But this argument assumes an actual repugnancy, and besides, as a mere aid in construction when nothing better can be found, it is too feeble to overcome the considerations already mentioned. *Shattuck* v. *Balcom*, 170 Mass. 245, 251. *Taylor* v. *Albree*, 309 Mass. 248, 258. *Poor* v. *Hodge*, 311 Mass. 312, 315–316.

This case is to be distinguished from cases like *Kelley* v. *Meins*, 135 Mass. 231, where there is an attempt to engraft a limitation over upon an absolute gift in fee.

Costs and expenses of this appeal are to be at the discretion of the Probate Court.

*Decree affirmed.*