ANNA B. MORSE vs. COMMISSIONER OF CORPORATIONS AND
TAXATION.

Suffolk.   January 5, 1951. — February 9, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Taxation*, Succession tax.   *Words*, "In contemplation of . . . death."

Evidence of the circumstances in which the owner of personalty, seventy-
seven years old, vigorous and active, and concerned with his increas-
ing Federal income taxes, on advice of a tax adviser made a gift of the
property to his wife between one year and two years before his death,
amply supported a finding of the Probate Court that the gift was not
"made in contemplation of the death of the . . . donor" within G. L.
(Ter. Ed.) c. 65, § 1, as amended.

PETITION, filed in the Probate Court for the county of
Suffolk on April 22, 1949.

The respondent appealed from a decree by *Dillon*, J.

*W. S. Kinney*, Assistant Attorney General, for the re-
spondent.

*R. G. Dodge*, (*R. I. Hunneman* with him,) for the pe-
titioner.

LUMMUS, J.   This is a petition by Anna B. Morse for
abatement of a tax assessed by the respondent commissioner
upon a gift of $335,927.44 in personalty which the peti-
tioner's husband, Cabot J. Morse, gave to her on May 23,
1945, between one year and two years before his death on
August 21, 1946.   The Probate Court granted an abatement,
on the ground that the gift was not made by Cabot J. Morse
in contemplation of his death.   The respondent commis-
sioner appealed.

By G. L. (Ter. Ed.) c. 65, § 1, as amended, a tax was im-
posed upon all property which shall pass "by deed, grant or
gift, except in cases of a bona fide purchase for full consider-
ation in money or money's worth, made in contemplation
of the death of the grantor or donor . . . ," with certain im-

material exceptions.   General Laws (Ter. Ed.) c. 65, § 3, as amended by St. 1939, c. 380, provides that "Any deed, grant or gift completed inter vivos, except in cases of bona fide purchase for full consideration in money or money's worth, made not more than one year prior to the death of the grantor or donor, shall, prima facie, be deemed to have been made in contemplation of the death of the grantor or donor.   Notwithstanding any provision of section one, no tax shall be payable thereunder on account of any deed, grant or gift in contemplation of death made more than two years prior to the death of the grantor or donor, unless made or intended to take effect in possession or enjoyment after such death."

The meaning of the words, "made in contemplation of the death of the grantor or donor," has been settled in *New England Trust Co.* v. *Commissioner of Corporations & Taxation,* 315 Mass. 639, and *O'Donnell* v. *Commissioner of Corporations & Taxation,* 317 Mass. 664.   The object of the statute is to reach and tax substitutes for testamentary dispositions and thus to prevent the evasion of succession and inheritance taxes.   The dominant motive of the gift, whether one associated with continued life, or one preparatory to expected death, determines the liability to taxation.   The Probate Court found that the gift was not made by the donor in contemplation of his death.   We are to decide upon the reported evidence whether that finding was correct.

With the exception of one witness whose testimony did not bear upon the purpose or motive of the gift, and two physicians, all the witnesses were called by the petitioner for abatement.   The salient features of the testimony may be summarized as follows.   At the time of the gift, Cabot J. Morse was seventy-seven years old.   He was a vigorous, active man, who played golf three or four times a week and took very long walks, and continued these activities after making the gift and until shortly before his death.   For some years he had been concerned with his increasing Federal income taxes, and consulted a tax adviser with respect to reducing them.   He was advised to make a gift of some of

his property. His father had lived to the age of ninety-seven, and he said that he expected to live a long time. It was not determined that he had cancer until May, 1946. He said that he intended to surprise his wife by taking her to Europe. In April, 1946, he ordered a new automobile, and expected to receive delivery of it at the end of 1946 or the beginning of 1947.

Wherever the burden of proof lay (*New England Trust Co.* v. *Commissioner of Corporations & Taxation,* 315 Mass. 639, 642; *O'Donnell* v. *Commissioner of Corporations & Taxation,* 317 Mass. 664, 673), in our opinion the decree granting an abatement was amply supported by the evidence.

*Decree affirmed.*