EARLE D. MARTIN & another, executors, vs. NEW ENGLAND
DEACONESS HOSPITAL & others.

Norfolk.    November 7, 1951. — January 8, 1952.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Devise and Legacy,* Taxes.    Words, "Estate."

The words "upon the estate itself" in a provision in a will directing that
"any legacy and succession taxes, either state or federal, upon any
devise or legacy in this will, or upon the estate itself, be paid by my
executors out of the residue of my estate as a part of the expenses of
the administration thereof," were used in contrast to the words "my
estate," and the testator intended thereby that all taxes incidental to
his death, including taxes on property, such as the proceeds of life
insurance and property given in contemplation of death, which might
be treated as part of his estate for tax purposes, as well as taxes on
the property passing under his will, should be paid out of the residue
of his probate estate.

PETITION for instructions, filed in the Probate Court for
the county of Norfolk on August 24, 1950.

The case was heard by *Reynolds,* J.

*R. M. Robinson,* stated the case.

*R. I. Hunneman,* for Earle D. Martin and another,
trustees, and another.

*C. P. Bartlett,* (*E. A. Owens* with him,) for Selma J.
Bailey.

*R. H. Lovell,* for Sarah Elizabeth Houghton and others.

*J. R. Kewer & J. M. Hogan,* for Grace J. Doherty, ad-
ministratrix, submitted a brief.

LUMMUS, J.    The executors of the will of Elroy W.
Houghton, late of Brookline, a childless widower, who
died on November 8, 1949, petition for instructions with
respect to United States estate taxes and Massachusetts
legacy and succession taxes.    From a decree giving such
instructions, dated June 8, 1951, the New England Dea-
coness Hospital, and also Earle D. Martin and Old Colony

Trust Company, trustees under the will of Bertha Houghton, residuary legatees under the will of Elroy W. Houghton, appealed.

By his will the testator gave many legacies to business associates and others, and gave the residue to "the trustees for the time being of the residue under the will of my late wife, Bertha Houghton, to be added to the principal of the trust fund held by said trustees in perpetual trust for charitable purposes and with the powers and upon the terms provided in my said wife's will with respect thereto." The residue under the wife's will was given to trustees, of whom Earle D. Martin and Old Colony Trust Company are the survivors, to divide the income among eight charities in certain proportions.

Article 7 of the will of the testator, Elroy W. Houghton, was as follows: "I direct that any legacy and succession taxes, either state or federal, upon any devise or legacy in this will, or upon the estate itself, be paid by my executors out of the residue of my estate as a part of the expenses of the administration thereof, except the Massachusetts legacy and succession taxes on legacies provided in Article III of this will, as to which it is my desire that the legatees shall pay the Massachusetts legacy and succession taxes upon the legacies received by them." The excepted legacies are of all the stock of Houghton Wool Company owned by the testator at his death, which stock was to be divided in certain proportions among John B. Aikenhead, Helen O'Keefe, Russell C. Estey, James E. Taylor, Victor A. J. Parmentier, and James Y. Rogers, Junior, all of whom had some connection with Houghton Wool Company. All these gifts were made upon the condition that that connection should continue until the death of the testator, or that the legatees should at that time be retired with compensation.

The testator bequeathed all his tangible property to Selma J. Bailey. He bequeathed all his stock in J. Alden Loring, Incorporated, to J. Alden Loring and his wife Rosemarie B. Loring. He bequeathed pecuniary legacies of from $100 to $1,000 to thirteen persons named.

The testator, during his life, took out a number of life insurance policies on his own life, and paid the premiums. One for $7,500 was for the benefit of Selma J. Bailey and if she should not survive the testator for ten years for the benefit of her children Walter E. Bailey and Rosemarie B. Loring. Three for the aggregate amount of $50,000 were for the benefit of Selma J. Bailey. One for $5,000 was for the benefit of Helen O'Keefe. Four for $5,000 each were for the benefit respectively of Sarah Elizabeth Houghton, Celia M. Houghton, Florence R. Pickard, and Florence R. Pickard. All these, except the first, contained a provision that if the beneficiary does not live to receive all the instalments provided for, the balance will be commuted for cash to the beneficiary's estate. One for $3,200 was a certificate of membership in Swift & Company Employees' Benefit Association, and the beneficiary was Charles K. Houghton. All these insurance policies must be included in the gross estate for the purpose of the Federal estate tax, but they are not subject to any Massachusetts tax.

The testator during his life purchased an annuity policy with the National Life Insurance Company, by which after his death a sum is payable quarterly to Selma J. Bailey during her life, and another with the John Hancock Mutual Life Insurance Company by which after his death a sum is payable monthly to Sarah Elizabeth Houghton during her life and after her death to Selma J. Bailey during her life.

On December 29, 1947, the testator gave five shares of stock of Houghton Wool Company to each of Helen O'Keefe, Victor A. J. Parmentier, John B. Aikenhead, Russell C. Estey, James E. Taylor and James Y. Rogers, Junior, and also to William S. Brown, now deceased.

On November 8, 1949, the day he died, the testator gave five shares of stock of Houghton Wool Company to each of Helen O'Keefe, Victor A. J. Parmentier, John B. Aikenhead, Russell C. Estey, James E. Taylor, James Y. Rogers, Junior, Alice M. Bourneuf, Frances E. Conley, Margaret M. Macpherson, Earle D. Martin, and Charles Frederick Spring. These gifts may be taxable as having been made

in contemplation of death. *New England Trust Co.* v. *Commissioner of Corporations & Taxation*, 315 Mass. 639. *Morse* v. *Commissioner of Corporations & Taxation*, 327 Mass. 22.

The decree of the Probate Court cast upon the residue of the estate all Federal estate and Massachusetts legacy and succession taxes on all the gifts hereinbefore recited, except those passing under Article III of the will, hereinbefore stated.

The appellants do not contend that the Federal and Massachusetts taxes on the estate and interests passing by the will are not to be paid from the residue. Their contention is that the taxes on the interests passing inter vivos by acts of the testator are to be paid by the donees, and not by the residue of his estate.

The language of the provision of the will which is decisive of the question, is that Federal and Massachusetts "legacy and succession taxes" imposed "upon any devise or legacy in this will, or upon the estate itself," with a single exception as to which no controversy arises, shall be paid out of the residue "of my estate." Although the Federal tax is upon the estate, and not upon devises or legacies, plainly that tax is included. *Beals* v. *Magenis*, 307 Mass. 547, 549. *Ferguson* v. *Massachusetts Audubon Society*, 316 Mass. 436, 444. By taxes on the "estate," we think the testator intended to include all gifts that might be taxable either because they are given from the testator's probate estate by will, or because they are given in contemplation of death, or because they consist of insurance, and are therefore treated by the law as a part of his estate for purposes of taxation. We think that the words "upon the estate itself" are used by contrast to the words "my estate," and include all taxes incident to the death of the testator.

A similar distinction is made in G. L. (Ter. Ed.) c. 65A, § 5 (St. 1948, c. 605, § 1), where it is provided that an estate tax levied upon the transfer of the estate of any person, shall, "If any portion of the estate passed under the will of the decedent," be apportioned in a certain manner "except

as otherwise provided or directed by the will." Obviously the words "estate tax" and "estate" as first used, extend beyond the "portion" of the "estate" which passes under the will.

Counsel have referred us to decisions in other jurisdictions, some of which have a tendency against our conclusion. But the language of the wills upon which they depend differs from the language of the will before us. And a number of the decisions elsewhere lend considerable support to the result which we reach. *Crooks' Estate*, 36 Pa. D. & C. 58. *Matter of Harbord*, 197 Misc. (N. Y.) 760. *In re Higgins' Estate*, 99 N. Y. Sup. (2d) 463.

The decree of the Probate Court is affirmed. Costs and expenses of the appeal are to be in the discretion of the Probate Court.

*So ordered.*