MALDEN TRUST COMPANY & another, executors, *vs.* EVA BICKFORD & others.

Middlesex. October 9, 1952. — December 4, 1952.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Devise and Legacy*, Taxes. *Taxation*, Apportionment of tax burden. *Words*, "My estate."

Upon consideration of a will as a whole, the words "my estate," in the provision "I direct that all taxes of every kind upon the whole or any part of my estate, including inheritance, estate and transfer taxes, both state and federal, shall be paid from the residue . . . it being my desire that the legatees and devisee herein shall receive the full amount of their legacies and devise without the deduction of any tax," meant merely the probate estate of the testatrix and not her taxable estate; and persons entitled by surviving the testatrix to interests in coöperative bank shares or savings accounts which were not part of her probate estate but were part of her gross estate for tax purposes were respectively liable in accordance with G. L. (Ter. Ed.) c. 65A, §§ 5 and 5A, as appearing in St. 1948, c. 605, §§ 1 and 2, for their proportionate shares of the Federal and Massachusetts estate taxes and, under G. L. (Ter. Ed.) c. 65, §§ 1, 7, for the Massachusetts succession taxes imposed on such interests.

PETITION for instructions, filed in the Probate Court for the county of Middlesex on May 3, 1951.

The case was heard by *Monahan*, J.

*John J. Mahon* of Maine, (*Harry F. Rice, Jr.*, with him,) for the respondent Robbins.

*William J. Boland*, for the respondents Bickford and others.

*Vincent A. Canavan*, for the respondent Collins, administrator.

SPALDING, J. Alice B. Simpson, a resident of Malden, died testate on September 14, 1949, leaving an estate appraised at just under $242,000. At her death she held shares in a coöperative bank as trustee for one Mabel Fiske. She also was a joint owner of five savings accounts. The aggre-

gate value of these shares and accounts was approximately $34,000. The beneficiary of the coöperative bank shares and each of the five joint owners of the savings accounts survived the testatrix, and, for convenience, will hereinafter be referred to as the respondents. Their interests in these accounts and shares were established by a prior decree which is not here challenged. The present controversy, which is between the respondents on the one hand, and Stanley Robbins, the residuary legatee and the appellant here, on the other, centers about the liability for Massachusetts and Federal inheritance and estate taxes imposed by the inclusion of the joint accounts and bank shares in the gross estate of the testatrix. G. L. (Ter. Ed.) c. 65, § 1; c. 65A, § 1; U. S. C. (1946 ed.) Title 26, § 811 (c), (e). The appellant's contention is that each of the respondents must pay the share of the inheritance and estate taxes attributable to the amount she is to receive, while the respondents' position is that these taxes must be paid out of the residue. To resolve the controversy, the executors brought this petition for instructions. The facts not being in dispute, the case was presented below on statements of counsel which constitute the basis for a voluntary report of material facts by the judge. A decree was entered ordering the taxes to be paid out of the residue, and the residuary legatee appealed.

The thirty-fourth article of the will of the testatrix contains the following provision: "I direct that all taxes of every kind upon the whole or any part of my estate, including inheritance, estate and transfer taxes, both state and federal, shall be paid from the residue of my estate, it being my desire that the legatees and devisee herein shall receive the full amount of their legacies and devise without the deduction of any tax." The respondents and the appellant were friends of the testatrix. All of the respondents were given legacies under the will and one was given also a devise. These gifts were in addition to their interests in the joint accounts and the coöperative bank shares. The appellant received a legacy of $5,000 apart from his gift of the residue. There were, in all, thirty-three legacies and devises.

Malden Trust Co. *v.* Bickford.

The joint accounts and the coöperative bank shares, of course, were properly included in the gross estate of the testatrix for the purpose of computing the Federal and Massachusetts taxes, and no contention to the contrary is made. It is also clear that the testatrix had the right to shift the burden of those taxes as she saw fit. *Beals* v. *Magenis,* 307 Mass. 547, 550. *Buffinton* v. *Mason,* 327 Mass. 195, 199. But unless the will provides otherwise the taxes, or at least those here involved, are to be apportioned in accordance with the statutes of this Commonwealth. *Isaacson* v. *Boston Safe Deposit & Trust Co.* 325 Mass. 469, 473. *Riggs* v. *Del Drago,* 317 U. S. 95. It is plain that if the case is to be governed by these statutes, the pertinent provisions of which are set forth in the margin,[1] the decree below cannot stand, for the burden of both the Massachusetts and Federal taxes would rest on the respondents.

The question, then, for decision is whether the will of the testatrix has shifted the burden of taxation on the joint accounts and the coöperative bank shares elsewhere. Stated differently, the question is whether the words "my estate"

---

[1] G. L. (Ter. Ed.) c. 65, § 7: "Taxes imposed by this chapter upon property or interests therein, passing by deed, grant or gift to take effect in possession or enjoyment after the death of the grantor or donor, or upon beneficial interests arising or accruing by survivorship in any form of joint ownership, shall be payable by the grantee, donee or survivor . . . ."

G. L. (Ter. Ed.) c. 65A, § 5, as appearing in St. 1948, c. 605, § 1: "Whenever it appears upon any accounting, or in any appropriate action or proceeding, that an executor . . . has paid or may be required to pay an estate tax levied or assessed under the provisions of this chapter, or under the provisions of any estate tax law of the United States . . . the net amount of said tax shall be apportioned among and borne by recipients and beneficiaries of the property and interests included in the gross estate in the following manner: — . . . 2. If any portion of the property with respect to which such tax is levied or assessed is held under the terms of any trust created inter vivos . . . such proportion of the net amount of the tax so levied or assessed shall, except as otherwise provided or directed by the trust instrument . . . or by the decedent's will, be charged to and paid from the corpus of the trust property . . . as the net amount of the property of such trust . . . bears to the amount of the net estate . . . . 3. The balance of the net amount of the tax so levied or assessed, or if paragraphs one and two are inapplicable the whole of the net amount of such tax shall, except as otherwise provided or directed by the decedent's will be equitably apportioned among and charged to and paid by the recipients and beneficiaries of property or interests included in the measure of such tax and passing or arising otherwise than under the will of the decedent or by virtue of any such trust . . . in the proportion that the net amount of such property or interests bears to the amount of the net estate . . . ."

in the thirty-fourth article mean the probate estate of the testatrix or her taxable estate. We are of opinion that they mean the former. Since the case was submitted on agreed facts and documentary evidence we are in as good a position to decide the question as was the trial judge.

The direction in the thirty-fourth article to pay from the residue "all taxes of every kind upon the whole or any part of my estate, including inheritance, estate and transfer taxes, both state and federal" is very broad and if it stood alone a plausible argument could be made that the testatrix was referring to her taxable estate and not merely to her probate estate. See *Martin* v. *New England Deaconess Hospital,* 328 Mass. 259. But this language is qualified by the phrase "it being my desire that the legatees and devisee herein shall receive the full amount of their legacies and devise without the deduction of any tax." In the opinion of a majority of the court this limits the effect of the broad language which preceded it, and evinces an intent to exonerate from taxes only the gifts passing by will. See *Whitlow* v. *Thomas,* 86 N. E. (2d) 622 (Ohio App.); *Commercial Trust Co.* v. *Thurber,* 136 N. J. Eq. 471. There are instances, it is true, where general language employed in a will has been held not to be cut down by more specific language. The tenor of the instrument as a whole may be such as to indicate that the general language represents the true intent. See *Taylor* v. *Albree,* 309 Mass. 248, 256; *Old Colony Trust Co.* v. *Attorney General,* 316 Mass. 530. But that, we think, is not the case here. Reading the will as a whole we are unable to discover anything which leads to the conclusion that the words "my estate" mean anything other than the probate estate.

The present case is distinguishable from *Martin* v. *New England Deaconess Hospital, supra,* on which the respondents rely. There the testator indicated that he was aware of the difference between property passing under the will and property which did not so pass but which, nevertheless, might be treated as part of his estate for tax purposes by saying, "I direct that any legacy and succession taxes,

either state or federal, upon any devise or legacy in this will, *or upon the estate itself,* be paid . . . out of the residue of my estate" (emphasis supplied). Nor are the respondents aided by the decision in *Buffinton* v. *Mason,* 327 Mass. 195, on which reliance is also placed. In that case the will provided that "All inheritance taxes are to be paid from the residuum of my estate so that all legacies will be paid in full." One of the residuary legatees predeceased the testatrix, and her share passed by intestacy. It was contended that this share should bear the burden of all State and Federal taxes, so that the shares of the remaining residuary legatees would be paid in full. This contention was rejected not because the words "All inheritance taxes" were to be given the meaning which the respondents urge here, but rather because the entire scheme of the will manifested an intent to place the tax burden on the entire residue as distinguished from that portion of it which passed by intestacy. That case, we think, is distinguishable.

The respondents further argue that support for their contention may be found in circumstances attending the probate of the estate of Bradford P. Simpson, the husband of the testatrix. It appears that he died in 1941, leaving an estate of $236,000. His will contained a provision for the payment of taxes from the residue substantially similar to the clause here involved. He named his widow as executrix and residuary legatee, and, save for two small legacies, gave his entire estate to her. At the time of his death the testator and his wife were the joint owners of twenty-one savings accounts, and it appears that the inheritance and estate taxes imposed by reason of the inclusion of these joint accounts in his gross estate were paid out of the residue. The respondents urge that in making her will in 1948 with knowledge of these facts the testatrix must have intended a similar result. We cannot agree. Her payment of these taxes out of the residue was a matter of little or no significance. She was both the residuary legatee and the surviving owner of the joint accounts. Whether she paid the taxes out of one fund or the other could not have been

contested by anyone, and to her it was a matter of no consequence.

It follows that the decree is to be reversed and a new decree is to be entered ordering each of the respondents to pay in accordance with G. L. (Ter. Ed.) c. 65A, §§ 5 and 5A, as appearing in St. 1948, c. 605, §§ 1 and 2, his or her proportionate share of the Federal estate tax imposed on the estate of the testatrix and the proportionate share of the Massachusetts estate tax, if any, imposed by c. 65A; and the Massachusetts succession tax imposed on his or her interest in the joint account or coöperative bank shares as the case may be. Costs and expenses of appeal are to be in the discretion of the Probate Court.

*So ordered.*