STERLING R. WHITBECK, executor, *vs.* MERRILL B. ALDRICH & others.

Hampshire.    September 30, 1960. — November 4, 1960.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, & CUTTER, JJ.

*Devise and Legacy,* Taxes, Extrinsic evidence affecting construction. *Taxation,* Apportionment of tax burden, Federal estate tax, Appointive property. *Executor and Administrator,* Taxes. *Evidence,* Extrinsic affecting writing.

Under a will disposing of the testatrix's own property, exercising a power of appointment over trust property under the will of her deceased husband, and providing that "All estate, inheritance, legacy, succession or transfer taxes . . . imposed . . . with respect to all property taxable . . . by reason of my death whether or not such property passes under this will and whether such taxes be payable by my estate or by any recipient . . . shall be paid by my executor out of my general estate . . . with no right of reimbursement from any recipient of any such property," the Federal estate tax on the testatrix's entire gross estate, including the appointed property, was a charge against her "general or probate estate," notwithstanding the facts that the value of the ap-

pointed property greatly exceeded the value of the testatrix's own property and that payment of the Federal estate tax on her entire gross estate from her own property would deplete it to such an extent that pecuniary legacies which her will directed be paid therefrom could not be satisfied in full and no funds would be available to establish a residuary trust created by her will for the benefit of her invalid sister. [327–329]

Extraneous facts cannot be used to create an ambiguity in unambiguous terms of a will or to control the plain meaning of those terms.   [329]

PETITION for instructions, filed in the Probate Court for the county of Hampshire on May 21, 1958.

The case was heard by *Welch,* J.

*Alvertus D. Morse,* stated the case.

*Emerson S. Searle,* for Merrill B. Aldrich and others.

*Raymond R. Cross,* for The First National Bank of Northampton.

*Oscar Grife,* for Eleanor Jane Crafts.

WHITTEMORE, J.   This is an appeal from so much of the decree of the probate judge as rules that the Federal estate tax on the estate of Emily L. Swift, including trust property under the will of her deceased husband over which she exercised a power of appointment, is a charge against her "general or probate estate" and is not a charge on the trust property.   There was no error.

General Laws c. 65A, § 5, cl. 2, provides, in effect, for the payment of the tax, on property which is subject to a power of appointment, from that property, *"except as otherwise provided or directed* by the trust instrument . . . or *by the decedent's will"* (emphasis supplied).   Emily's will "otherwise provided" in clause 8, as follows: "All estate, inheritance, legacy, succession or transfer taxes . . . imposed by any domestic or foreign laws now or hereafter in force with respect to all property taxable under such laws by reason of my death whether or not such property passes under this will and whether such taxes be payable by my estate or by any recipient of any such property, shall be paid by my executor out of my general estate . . . with no right of reimbursement from any recipient of any such property."

It is hard to think of plainer or more inclusive words. "[A]ll property taxable . . . by reason of . . . [Emily's] death" includes more than Emily's property. The provision expressly applies to property not passing under Emily's will, that is, in present relevance, to property appointed by her. The provision also expressly applies to the taxes on all such property whether the applicable law imposes those taxes on Emily's estate as an estate tax (the Federal tax), or on the recipient as a legacy or succession tax (the Massachusetts tax). The appellants recognize that the Federal estate tax on the trust property was a tax imposed with respect to such property by reason of Emily's death. Int. Rev. Code of 1954, §§ 2041, 2056. The tax is an excise on Emily's privilege of passing the donor's property by will. *Dexter* v. *Jackson,* 245 Mass. 333, 336–337.

The appellants urge, however, that the facts set out or referred to in this paragraph show Emily's intent that the tax clause apply only to the taxes imposed upon the passing of her own property and that the tax clause must be limited to accord with that intent. We disagree. Emily died May 20, 1957. Her will, executed May 18, 1956, after making provision for one specific legacy and two pecuniary legacies of a total value of approximately $23,000, left the balance of the estate in trust for the benefit of an invalid sister, Grace, who died November 2, 1958. The trust provided that upon the sister's death the sum of $5,000 should be paid to Emily's daughter, Eleanor, and the balance be distributed in specified shares to the daughter, three nephews and one niece. Emily's own gross estate amounted to approximately $67,400. The value of the property over which she had a power of appointment under her husband's will was approximately $171,836.66. The Federal estate tax on the gross estate, inclusive of the value of the appointed property, is estimated to be approximately $39,700. The Federal tax on Emily's own estate, if the appointed property is excluded, will be not over $200. Although the estate will not be insolvent if the larger Federal tax is paid, the provisions of Emily's will cannot be fully carried out; there will be insufficient funds to pay the two pecuniary legacies

in full and no funds for the trust created for the benefit of the sister, Grace. The appellants say that it is inconceivable that the testatrix could have intended this result. The argument is buttressed by reference to dispositions under the husband's will. It is urged also that the identical tax clause in the husband's will may have led Emily to think that that clause would take care of the tax upon the appointed property, since the appointees of the power receive the donor's property and get no title from the donee. *Curtis* v. *Commissioner of Corps. & Taxn.* 340 Mass. 169, 172. That she knew it was his property which she was appointing may, it is suggested, be shown in the use of the usual provision "I hereby exercise the power of appointment given me," whereas, in disposing of her own property, she used the usual words "I bequeath and devise." Emily appointed the trust property to beneficiaries who were included among those who would have taken under her husband's will, if she had failed to appoint. The first clause of Emily's will devised to her daughter real estate which Emily held jointly with the daughter. It is suggested that the tax clause can be construed as referring only to the tax on that property.

Nothing in Emily's will itself shows that the words in the tax clause were not used in their ordinary sense. We may not depart from that sense to give effect to what may be guessed was her intention. *Adams* v. *Jones,* 176 Mass. 185, 189. *Salter* v. *Salter,* 338 Mass. 391, 393. "It cannot be presumed that anything else was intended than what is stated in the written instrument. It may be, for aught that now can be known, that the precise result which has happened was intended. There is no jurisdiction in equity to prescribe what may seem fairer than the . . . testator has declared." *Bemis* v. *Converse,* 246 Mass. 131, 134. See also *Warfield* v. *Merchants Natl. Bank,* 337 Mass. 14, 20. There being no ambiguity in the will there is no occasion to go outside it in a search for its meaning. *Mahoney* v. *Grainger,* 283 Mass. 189, 192. Extraneous matters cannot be used to create an ambiguity not manifested in the will. *Keith* v. *Worcester County Trust Co.* 338 Mass. 41, 43.

The tax provision is stronger than that in *Martin* v. *New England Deaconess Hosp.* 328 Mass. 259, which charged the residue with payment of Federal and Massachusetts "legacy and succession taxes . . . [imposed] upon any devise or legacy . . . *or upon the estate itself"* (emphasis supplied). The holding was that that clause included all taxes incident to the death of the testator. See also *Buffinton* v. *Mason,* 327 Mass. 195.

Different construction has, of course, been given to different language in other wills. In *Malden Trust Co.* v. *Bickford,* 329 Mass. 567, 568, joint accounts and bank shares were included in the gross estate. The tax clause directed that "all taxes . . . upon the whole or any part *of my estate* [emphasis supplied], including inheritance, estate and transfer taxes, both state and federal, shall be paid from the residue of my estate, it being my desire that the legatees and devisee herein shall receive the full amount of their legacies and devise without the deduction of any tax." We held that the words "my estate" meant the probate estate. Those words were less inclusive than the words used by Emily ("all property taxable under such laws by reason of my death") but the opinion suggests (pp. 569–570) that the words "my estate" might be taken to mean "taxable estate" except for the following qualifying words as to the testatrix's desire which a majority of the court deemed to limit the effect of the preceding broad language. Accord, *Ferguson* v. *Massachusetts Audubon Soc.* 316 Mass. 436, 443 ("levied or assessed" against "my estate"). Compare also *Morristown Trust Co.* v. *Childs,* 128 N. J. Eq. 524 (taxes against "my estate"); *Fidelity Union Trust Co.* v. *Suydam,* 125 N. J. Eq. 458 ("gifts herein made"); *In re Burnett,* 43 N. J. Super. 534 (gifts "passing under my will"); *Matter of Rogers,* 249 App. Div. (N. Y.) 238 ("passing under this my last will").

> *Final decree affirmed with costs and expenses of this appeal to be awarded in the discretion of the probate judge.*