Merritt B. HYATT, Plaintiff, Appellant,

v.

Carol Esther JURCZYK, etc., Defendant,
Appellee.

No. 6775.

United States Court of Appeals
First Circuit.

Heard Oct. 5, 1966.

Decided Nov. 16, 1966.

Rowland H. Long, Monson, Mass., for appellant.

James R. Harper, Atlanta, Ga., with whom Jerome P. Facher and Hale & Dorr, Boston, Mass., were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

The testatrix, a resident of the state of Georgia, died seized of two pieces of real estate in the city of Pittsfield, Massachusetts. One was a lot on Housatonic Street, recorded in Berkshire Deeds, Book 525, Page 423. The other consisted of four parcels on Green Street, recorded in Berkshire Deeds, Book 557, Page 145. The material portions of her will were as follows:

"Item Two

"I give and devise in fee simple to my son, Merritt Bert Hyatt, the following real property which is located in Pittsfield County of Berkshire, Massachusetts, and recorded on July 11, 1949, in Deed Book 557, Page 145, etc."

\* \* \* \* \* \*

"Item Five

"I give, bequeath, and devise in fee simple to my son, Arthur Albert Hyatt, Jr., four (4) lots located on Green Street, Pittsfield, Massachusetts, as well as the amount in a Tentative Trust Account."

Thus article Two made the record reference, and article Five the street reference, to the same piece of property.

By another article the testatrix named her daughter Carol her residuary legatee. Carol, a Georgia resident, was appointed ancillary administratrix in Massachusetts.

Plaintiff-appellant, Merritt B. Hyatt, the legatee named in article Two, is a citizen of Massachusetts. He commenced the instant proceedings in the United States District Court for the District of Massachusetts for a declaratory judgment that he is the lawful owner of the property on Housatonic Street. Carol was named the sole defendant. Plaintiff makes no claim to the Green Street property, and, accordingly, has not named Arthur as a defendant, recognizing that under Massachusetts law if a will contains totally repugnant provisions "the latter clause * * * is the final determination of the testator." Dawes v. Swan, 1808, 4 Mass. 208, 215. See Fruh v. Fruh, 1944, 316 Mass. 590, 55 N.E.2d 790; Poor v. Hodge, 1942, 311 Mass. 312, 41 N.E.2d 21. Plaintiff's contention it that although, because of the book and page reference, article Two may purport to describe the Green Street property, in fact it was intended to describe the Housatonic Street property. Carol resists, and claims that the Housatonic Street property, not being the subject of any specific devise, passed to her as residuary legatee.

Even in the light of the circumstance that the testatrix owned two pieces of land in Pittsfield, it is impossible to construe this will as devising the Housatonic Street property to the plaintiff. Concededly a will is to be construed, if it reasonably can be construed, to avoid an apparent repugnancy. Fruh v. Fruh, supra; Poor v. Hodge, supra. We will accept, too, for present purposes plaintiff's argument that some weight, where appropriate, might attach to the fact that if he does not receive the Housatonic Street property, he will be the only member of the family disinherited. See Hayden v. Inhabitants of Stoughton, 1828, 5 Pick. (Mass.) 528, 536. The difficulty is that even if it be assumed in plaintiff's favor that the will was open to question on its face,* there is no available remedy.

In the district court plaintiff endeavored to support his position with parol testimony which, if admitted, would tend to show a declared intention on the part of the testatrix to leave him the Housatonic Street property, and a mistake on her part in furnishing the lawyer who drew the will an erroneous registry reference. The court ruled that such evidence was inadmissible, and dismissed the complaint.

■■■ The court's action was correct. Parol evidence has a very limited function. When it is admissible at all, it is to aid in the construction of language already present; "the words which he has used." Sanger v. Bourke, 1910, 209 Mass. 481, 487, 95 N.E. 894, 895. Even those words, so strong is the policy of the statute of wills, cannot be construed by use of the testator's extra-testamentary statements as to their intended meanings; parol evidence is limited to acts and circumstances known to him. Watson v. Goldthwaite, 1962, 345 Mass. 29, 33–34, 184 N.E.2d 340; Gray v. McCausland, 1943, 314 Mass. 743, 747, 51 N.E.2d 441, 149 A.L.R. 1059; Smith v. Livermore, 1937, 298 Mass. 223, 241 et seq., 10 N.E.2d 117; Sanderson v. Norcross, 1922, 242 Mass. 43, 46, 136 N.E. 170. Manifestly, acts and circumstances, whatever light they may cast on the words used, cannot add new provisions out of whole cloth.

■■■ In the present case, even if we are to regard repugnancy not as a presumed intention to revoke, but as indicating a mistake in the earlier clause, the circumstance that a mistake may appear on the face of the will, instead of *aliunde*, does not alter the fact that to introduce new and totally contradictory language is not construction, but refor-

* No ambiguity, or reason for construction, can be created in the first instance by circumstances dehors the will. Tucker v. Seaman's Aid Society, 1843, 7 Metc. (Mass.) 188; cf. Mahoney v. Grainger, 1933, 283 Mass. 189, 186 N.E. 86.

mation. For the purpose of ascertaining the meaning of unclear language the Massachusetts court may allow explanatory amplification, or even modification, Smith v. Livermore, supra, but it does not permit the substitution of a completely different provision.

Affirmed.