Merrimack County Probate Court
No. 82-460

*In re* ESTATE OF SADIE M. RUEL

August 31, 1983

*Wescott, Millham & Dyer,* of Laconia (*Gary P. Westergren* on the brief and orally), for the petitioners Roxanne L. Churas and Kathleen M. Churas, and for the petitioner Chris V. Churas, represented by his mother and next friend, Patricia M. Churas.

*Alexander M. Lachiatto,* of Franklin, by brief and orally, for Archie Ruel, Jr., Executor of the Estate of Sadie M. Ruel.

Bois, J.   The petitioners, three children of Patricia M. Churas, appeal a finding of the Probate Court (*Murphy,* J.) that the language of Sadie M. Ruel's will is sufficient to prevent them from taking a portion of Mrs. Ruel's estate. We affirm.

Sadie M. Ruel died in 1980, leaving a will which bequeathed her entire estate to her son Archie Ruel, Jr. The will contained the following clause:

> "I intentionally make no provision for my adopted daughter, Patricia Margaret Ruel . . . now living, or any children hereafter born to or adopted by me or for any other issue of mine."

When the will was executed in October 1959, Sadie M. Ruel had one natural child, Archie Ruel, Jr., and one adopted child, Patricia Margaret Ruel. Patricia subsequently married and bore the three children who are the petitioners herein. Both Archie Ruel, Jr., and Patricia Margaret Ruel Churas survived their widowed mother. Patricia Margaret Ruel Churas joins in this suit as mother and next friend of the minor petitioner, Chris, who is thirteen years old.

The petitioners made a timely demand upon the executor of the estate for one-half of the estate pursuant to the pretermitted heir statute. RSA 551:10 (pretermitted heirs take as if deceased were intestate); *see also* RSA 561:1, II (distribution upon intestacy). Their demand was refused and they then filed a petition in the probate court, raising the same claims that they had presented to the executor. The court dismissed the petition, and this appeal ensued.

As grandchildren, the petitioners argue that they have a right to an intestate share of the estate under the pretermitted heir statute, RSA 551:10. The statute provides as follows:

> "Every child born after the decease of the testator, and every child or issue of a child of the deceased not named or referred to in his will, and who is not a devisee or lega-

tee, shall be entitled to the same portion of the estate, real and personal, as he would be if the deceased were intestate."

The petitioners claim that they are neither devisees nor legatees within the terms of the pretermitted heir statute. They further claim that they qualify to take under this statute because they are not named or referred to in their grandmother's will. Specifically, they contend that the clause in the will excluding Sadie M. Ruel's issue does not refer to them because, as natural children of an adopted daughter, they are not "issue" of the deceased. They find support for this proposition in this court's exclusion of adopted children from the definition of "issue" in *Amoskeag Trust Co. v. Preston*, 107 N.H. 330, 331, 222 A.2d 158, 159 (1966). *See* RSA 21:20 (issue).

However, even assuming *arguendo* that this reasoning is valid and that the petitioners thus qualify as pretermitted persons pursuant to RSA 551:10, they still cannot prevail. Under RSA 551:10, a pretermitted child is entitled to the same portion of the deceased's estate as he would have been if the deceased had died intestate. As the probate court judge correctly recognized, if Sadie M. Ruel had died intestate, her estate would have passed in equal shares to her two surviving children, Archie Ruel, Jr., and Patricia Margaret Ruel Churas. *See* RSA 561:1, II(a). The petitioners would have had no right to share in the estate by right of representation because their mother, Patricia, was alive at the time of Sadie M. Ruel's death. *See id.*; 3 JARMAN ON WILLS, at 1577 (7th ed. Sanger 1930) (those claiming by right of representation stand in place of their deceased parents.) *See generally* M. RHEINSTEIN & M. GLENDON, THE LAW OF DECEDENTS' ESTATES 48 (1971). For this reason, we hold that the court properly dismissed the petitioners' action.

*Affirmed.*

All concurred.